## Case No. 11,078.

### PHELPS v. O'BRIEN COUNTY.

[2 Dill. 518.][1]

#### Circuit Court, D. Iowa. 1873.

JURISDICTION—STATE LEGISLATION.

1. State legislation cannot affect the jurisdiction of this court; and a person who has the right under the judiciary act [1 Stat. 73] to sue in this court cannot be compelled by an act of the state legislature first to obtain leave of a state court.

[Cited in Edwards v. Hill, 8 C. C. A. 233, 59 Fed. 725.]

2. Upon this principle a provision of the state statutes requiring leave of court to enable a party to sue upon a judgment rendered in any court of the state, is not applicable to the circuit court of the United States.

Action [brought by Thomas Phelps] on a judgment rendered August 5th, 1873, in favor of the plaintiff's assignor, a citizen of Wisconsin, against the county of O'Brien, by the district court of the state of Iowa, for the county of Dickinson, and assigned to the plaintiff, a citizen of Illinois. Defendant demurs, on the ground that the action is brought on a judgment rendered in a court of record of the state, within fifteen years from the rendition thereof, without showing leave of the court to bring the same.

H. D. Perkins and J. H. Swan, for demurrer.

Nourse, Kauffman & Holmes, opposed.

Before DILLON, Circuit Judge, and LOVE, District Judge.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

DILLON, Circuit Judge. Section 2521 of the Code of Iowa enacts: "No action shall be brought upon any judgment against a defendant therein, rendered in any court of record of this state, within fifteen years after the rendition thereof, without leave of the court, for good cause shown, and on notice to the adverse party, except in cases when the record of such judgment is, or shall be, lost or destroyed."

The eleventh section of the judiciary act provides that "The circuit court shall have original cognizance concurrent with the courts of the several states, of all suits of a civil nature at common law * * * between a citizen of the state where the suit is brought, and a citizen of another state."

The case made in the petition falls within the jurisdiction of this court as thus prescribed, and this jurisdiction cannot be in any manner limited or affected by state legislation. But in cases at common law properly cognizable in this court, the laws of the several states, where applicable, form rules of decision here, as, for example, the limitation laws of the states are as available to a defendant in this court as in the state court where there is no act of congress to the contrary. It is our opinion that the section of the Code (2521) above mentioned is and must be limited to suits in the state courts of the character therein contemplated. A person who has the right under the constitution and laws of the United States to bring his action in this court cannot be compelled first to obtain the leave of a state court. In principle this case is settled by several adjudications of the supreme court of the United States. Railway Co. v. Whitton's Adm'r, 13 Wall. [80 U. S.] 270, 285; Suydam v. Broadnax, 14 Pet. [39 U. S.] 67; Union Bank, etc., v. Jolly's Adm'rs, 18 How. [59 U. S.] 506; Payne v. Hook, 7 Wall. [74 U. S.] 425. Demurrer overruled.