## FERRY *v.* KING COUNTY.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 1377.    Submitted November 23, 1891. — Decided December 7, 1891.

In an action against the county treasurer of a county in the State of Washington and the sureties on his official bond to recover moneys received by him officially, rulings of the state court that his settlements with the county commissioners were not conclusive, that that body acted ministerially in settling with him and could not absolve him from the duty to account and pay over, and that the denial by the trial court of an order to furnish a bill of particulars would not be disturbed in the absence of anything indicating that the defendants had been prejudiced thereby, do not deny the validity of the territorial code enacted under the authority of Congress, and confer no jurisdiction in error upon this court.

The validity of a statute is not drawn in question every time that rights claimed under it are controverted; nor is the validity of an authority every time an act done by such authority is disputed.

THE case was stated by the court as follows:

This was an action brought by the county of King in the District Court of the Third Judicial District of the Territory

of Washington, against George D. Hill and his sureties upon his official bond as county treasurer of said county, to recover certain moneys received by him during his official term of two years, commencing the first Monday in January, 1881, which it is alleged he had failed to account for or to pay over to his successor in office.

The complaint set up Hill's election; the execution and approval of the bond, which was set forth *in haec verba;* the taking of the oath and entry upon the office and continuance therein for the full term; the receipt of moneys as treasurer; and the failure to account for and pay over a large sum, which was specified. It was further averred that in the accounts by the treasurer and auditor, and settlements had with the board of county commissioners, the treasurer was charged with a certain amount for which he accounted, when by mistake and error there was overlooked a certain sum, which was named, which should have been charged him, and was not; and that also in the book accounts kept and settlements had the treasurer received certain credits, which were enumerated, some of which credits were by mistake and error larger than they should have been, and the excess of each of these credits was specifically given.

Motions to quash the summons, demurrers to the complaint and motions to make the complaint more definite, were made and filed by the defendants and overruled. The defendants then answered, denying the default of the treasurer, and pleading in addition affirmative defences, alleging various settlements at times prescribed by law between the treasurer and the board of county commissioners, and insisting upon such settlements and the accounts and credits as settled and allowed, as just and true and a complete defence to the action.

Plaintiff replied to the affirmative defences, denying a full or any settlement with the board of county commissioners, and again averring mistake and error, through which the treasurer received credits on account of the particular funds mentioned, to which he was not actually entitled.

Motions were then made to strike out part of the reply, and to make it more definite and certain, and demurrers were also filed thereto, all of which were overruled.

The cause was then referred to a referee to take testimony, and to make and report his findings of fact and conclusions of law, which report having been subsequently made, the defendants moved to set it aside and for a new trial upon the following grounds: "1. Irregularity in the proceedings on the part of the plaintiff in this, that said plaintiff failed to set forth or specify in the pleadings the items of the account sued on, and failed and refused to furnish defendants the items of said account after a proper demand therefor before the trial. 2. Irregularity in the proceedings of said referee in admitting in evidence said account offered by said plaintiff, notwithstanding the failure of said plaintiff to either set forth in the pleadings the items of the account sued on or furnish said items to the defendants after a proper demand therefor before the trial and against defendants' objections, made at the time of the offer of said evidence. 3. Irregularity in the proceedings and abuse of discretion on the part of the referee in admitting in evidence, against defendants' objections, original books, papers and documents which are public records required by law to be and remain in the custody of the auditor of King County. 4. Error in the assessment of the amount of the recovery, the amount as per findings being too large. 5. Insufficiency of the evidence to justify the said findings and decision of the said referee. 6. The said findings and decision of the referee are against law. 7. Error in law occurring at the trial and excepted to at the time by the defendants."

This motion was denied and judgment rendered upon the findings of the referee, in favor of the plaintiff and against the defendants. The Territory having been admitted into the Union, the case was taken on error to the Supreme Court of the State. Prior to this, Hyde, one of the defendants, died, and his executors, failing to join in the writ of error, were made defendants in error. After the cause was docketed in the Supreme Court Hill died, and his executors were substituted.

Eleven errors were assigned by plaintiffs in error as grounds for the reversal of the judgment. These questioned the rulings of the District Court upon the various motions and de-

murrers, and the action of that court in denying the motion of defendants to set aside the report of the referee, and to grant a new trial.

On April 6, 1891, the judgment was affirmed. The opinion of the Supreme Court by Anders, C. J., is returned in the record, and may be found, (in the absence of the official series,) reported in 26 Pacific Rep. 537.

To review this judgment a writ of error was allowed from this court, and the record having been filed, the cause came on on a motion to dismiss or affirm.

*Mr. John Paul Jones* and *Mr. Reese H. Voorhees* for the motion.

*Mr. J. C. Haines* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

We have carefully examined the record in this case and have failed to find any intimation of the submission of a Federal question to the state court for decision, nor can we perceive that the judgment rendered necessarily involved the disposition of such a question.

Plaintiffs in error seek to maintain the jurisdiction of this court upon the ground that the validity of an authority exercised under the United States was drawn in question in the cause and the decision of the state court was against its validity.

By section 1851 of the Revised Statutes of the United States it is provided that "The legislative power of every Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States."

The following are sections of the Code of Washington:

"93. It shall not be necessary for a party to set forth in a pleading a copy of the instrument of writing, or the items of an account therein alleged; but unless he file a verified copy thereof with such pleadings, and serve the same on the adverse party, he shall, within ten days after a demand thereof, in

writing, deliver to the adverse party a copy of such instrument of writing, or the items of an account, verified by his own oath, or that of his agent or attorney, to the effect that he believes it to be true, or be precluded from giving evidence thereof."

"2673. The several boards of county commissioners are authorized and required . . . 5. To allow all accounts legally chargeable against such county not otherwise provided for, and to audit the accounts of all officers having the care, management, collection or disbursement of any money belonging to the county or appropriated to its benefit."

"2681. The county commissioners of their respective counties shall have power to compound and release in whole or in part any debt due to their county, when in their opinion the interest of their county will not be prejudiced thereby. . . ."

"2695. Any person may appeal from the decision of the board of county commissioners to the next term of the District Court of the proper district. . . ."

"2947. Each county treasurer must attend with his books and vouchers before the board of county commissioners of his county at its May session in each year, and settle his accounts before said board; . . ." Wash. Code, pp. 49, 464, 466, 467, 508.

The contention of plaintiffs in error is, in the language of counsel, that "the legislature of the Territory of Washington, by enacting these sections of the Code of Washington above mentioned, exercised an authority given by section 1851 of the Revised Statutes of the United States, and so acting, the act of the territorial legislature became the act of Congress, and the District Court of the Territory and the Supreme Court of the State, in deciding against the validity of the several clauses of the code, decided against the validity of an authority exercised under the United States."

But we do not understand that the validity of these sections of the code was denied in any respect.

The Supreme Court held that the settlements of the treasurer with the board of county commissioners were not conclusive; that the board exercised no judicial power in making

them, but acted merely ministerially; that there was no law authorizing the board to absolve the treasurer from the performance of the duty to account and pay over; and that the settlements were only *prima facie* evidence and could not be pleaded as an estoppel. As to the alleged failure to furnish a copy of the items of account mentioned in the complaint, the court held, for reasons given, that the provisions of the statute had been substantially complied with; and as to the denial by the District Court of an order for a bill of particulars, that that was a matter largely discretionary with the trial court and its ruling would not be disturbed in the absence of anything indicating that the defendants were prejudiced thereby.

In all this there was no denial of the validity of the provisions of the code, nor of the validity of an authority exercised under the United States in the enactment of these sections.

The Supreme Court did indeed say that the territorial legislature could not have clothed boards of county commissioners with judicial powers in view of section 1907 of the Revised Statutes of the United States, whereby the whole judicial power was elsewhere reposed, but the opinion proceeded upon the ground that the legislature had not attempted to do so.

We have repeatedly held that the validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority every time an act done by such authority is disputed. *Snow* v. *United States,* 118 U. S. 346, 352; *Baltimore & Potomac Railroad* v. *Hopkins,* 130 U. S. 210; *Cook County* v. *Calumet & Chicago Canal and Dock Co.,* 138 U. S. 635.

The validity neither of statute nor authority was primarily denied here and the denial made the subject of direct inquiry, nor was there any decision whatever against the validity of statute or authority.

The writ of error is                                             *Dismissed.*

FERRY *v.* KING COUNTY. Error to the Supreme Court of the State of Washington. No. 1378. Submitted November 23, 1891. Decided

December 7, 1891. MR. CHIEF JUSTICE FULLER remarked that the same questions were presented in this case as in that just decided, and it must take the same course.

· Writ of error                                                                        *Dismissed.*

Mr. *John Paul Jones* and Mr. *Reese H. Voorhees* for the motion to dismiss.

Mr. *J. C. Haines* opposing.