## BARLING *et al. v.* BANK OF BRITISH NORTH AMERICA.

*(Circuit Court of Appeals, Ninth Circuit. April 23, 1892.)*

1. STATE LEGISLATION—SUITS IN NATIONAL COURTS.
    The act of the California legislature of April 1, 1876, entitled "An act concerning corporations and persons engaged in the business of banking," does not prohibit such corporations or persons from maintaining actions in the national courts, nor has the legislature the power so to do; nor does the act apply to business done by a foreign corporation without the state.

2. NOTE PAYABLE TO BEARER
    A note made by a California corporation payable to itself and indorsed in blank, and delivered to another, is a note payable to bearer; and a foreign corporation, which subsequently becomes the holder thereof, may maintain an action thereon in the national court, sitting in California, against a citizen thereof, and may also maintain such action against such citizen who is a stockholder in such corporation, on the ground of his statutory liability for the debts of the corporation, even if said note is payable to order.

3. JURISDICTION.
    A party against whom a judgment is rendered in a district or circuit court may take the case to the supreme court directly on the question of jurisdiction, if the same is at issue, or to the circuit court of appeals on the whole case, and the court of appeals may, if it sees proper, certify any question arising therein to the supreme court.
    46 Fed. Rep. 357, affirmed.

*(Syllabus by the Court.)*

Error to the Circuit Court of the Northern District of California.
At Law.   Affirmed.
*Daniel Titus,* for plaintiffs in error.
*Carter P. Pomeroy,* for defendant in error.
Before McKENNA and GILBERT, Circuit Judges, and DEADY, District Judge.

DEADY, District Judge.   On April 5, 1888, the Alaska Improvement Company, a corporation formed under the laws of California, drew three bills of exchange on William T. Coleman & Co., citizens of the state of California, payable to itself, the first two in 60 days, and the third in 90 days, after date, for the sum of $2,740, $2,500, and $4,000, respectively, and on the same day indorsed the same in blank, and, before maturity thereof, transferred and delivered the same to said Coleman & Co., who subsequently, and before maturity thereof, in consideration of the amount of the face of said bills, paid them by the plaintiff, transferred and delivered the same to it in the state of Oregon; and on April 27, 1888, said bills were duly accepted by said Coleman & Co., who failed to pay them, upon due presentation for that purpose, of all which the Alaska Company had notice and neglected to pay the same.

On April 8, 1890, this action was commenced in the circuit court by the plaintiff against the defendants Barling and Eva, citizens of California, and stockholders of said Alaska Company, under section 322 of the Civil Code of California, which provides that—

"Each stockholder of a corporation is individually and personally liable for such proportion of its debts and liabilities as the amount of stock or shares

owned by him bears to the whole of the subscribed stock or shares of the corporation, and for a like proportion only of each debt or claim against the corporation."

The defendant Eva interposed a plea in abatement, to the effect that the plaintiff could not maintain the action, because it had failed to file the statements concerning its business, required by the California act of April 1, 1876, entitled "An act concerning corporations and persons engaged in the business of banking," which provides that no corporation or person "who shall fail to comply with the provisions of this law shall maintain or prosecute any action or proceeding in any of the courts of this state," to which plea the plaintiff demurred, and the court sustained the demurrer. 44 Fed. Rep. 641.

In this there was no error. The statute only prohibits an action in the courts of the state. Neither does it prohibit the transaction of banking business in the state, but simply provides that the parties failing to file the required statement shall be denied access to the courts of the state. Nor is it in the power of the state legislature to prohibit the plaintiff from maintaining an action in this court if it would.

While it is admitted that such legislature may limit the right or capacity of a foreign corporation to do business or acquire property within the limits of the state absolutely, or except upon compliance with conditions precedent thereto, it is well established that it cannot in any way limit or restrain the jurisdiction of the national courts. *Bank* v. *Traver*, 7 Fed. Rep. 146; *Phelps* v. *O'Brien Co.*, 2 Dill. 518; *Railroad Co.* v. *Whitton*, 13 Wall. 270.

But the defendant, having pleaded over under rule 9 of the circuit court, is deemed to have waived the matter in abatement.

Besides, the business of the purchase of these bills of exchange took place in the state of Oregon, and beyond the jurisdiction of the state of California. The act is intended to regulate business done in the state, and not otherwise.

Afterwards, on January 2, 1891, a demurrer was taken to the complaint on the ground that the court had not jurisdiction of the defendants, because the plaintiff sued as assignee of certain bills of exchange, in which the drawer, drawee, and payee are citizens of California.

The circuit court overruled the demurrer, (46 Fed. Rep. 357;) and in this we find no error.

The demurrer was based on the provision in section 1 of the judiciary act of 1888, which provides as follows:

"Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be made payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

And first, if this action is to be considered an action by an assignee to recover the contents of a chose in action, the circuit court, nevertheless, had jurisdiction, because the bills were made by a corporation, and payable to bearer.

The rule is this: A bill or note made by a person payable to himself or to his order, when indorsed by him and delivered to another, becomes, in legal effect, payable to the bearer thereof, and may be so sued on. It is simply a roundabout way of making the paper payable to bearer. Tied. Com. Paper, § 20; Daniel, Neg. Inst. § 130; *Bank* v. *Alley*, 79 N. Y. 536.

But the present action is not really founded on an assignment of the bills, but on the liability created by said section 322 of the Civil Code, In this action the assignment of the bills of exchange is a mere ingredient or inducement. By reason or means thereof the plaintiff became and was a creditor of the Alaska Improvement Company. In this condition the statute operated and gave it a right of action against the defendants, as stockholders of the corporation, for the amount of its claim against the latter.

This was an original right, then created, which did not exist before or otherwise. It never existed in favor of William T. Coleman & Co., the assignor of the plaintiff, but only in favor of the plaintiff against these defendants.

The case of *Bullard* v. *Bell*, 1 Mason, 243, is a strong case in point. An assignee of certain choses in action, to wit, bank notes, made by a banking corporation, brought an action against a stockholder of the bank to enforce a liability imposed upon him for the debts of the bank. The parties were citizens of different states, but the defendant objected that the court was without jurisdiction, because it did not appear that the plaintiff's assignor could have maintained the action. In overruling this objection, Mr. Justice STORY said:

"But the present action is not founded on any assignment. It is an original action, created by the statute between the present parties, and never had any existence between other parties. The debt which the plaintiff claims from the defendant is a sum which the latter never owed to any other person. It is a chose in action originally vested under the statutes in the present plaintiff, and which has never been assigned. To be sure a title to the bank notes stated in the declaration forms an ingredient in the case; but it is not all of his case. It is but matter of inducement to his action. How, then, is it possible for the court to say that it has no jurisdiction of this case, when the parties are citizens of different states, and there never has been any assignment of the present cause of action, and the original parties in whom it first vested are before the court? Neither the district judge nor myself has the slightest hesitation in overruling the motion."

The defendants filed an answer, denying the allegations of the complaint on information and belief. Said answer also contained a plea in bar of the action, which was nothing more than the demurrer filed to the complaint, to wit, that the plaintiff's assignor could not have maintained the action, and therefore the court, under section 1 of the judiciary act of 1888, was without jurisdiction.

On the trial the court gave judgment for the plaintiff, and in this there was no error.

It has been suggested by counsel for the plaintiff in error that, under section 5 of the act of 1891, we should certify this case to the supreme court, on the question of jurisdiction; the same being put at issue in the

case by the demurrer to the complaint, as well as the plea in bar. Said section 5 provides—

"That appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases: In any case in which the jurisdiction of the court is at issue. In such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision."

This court of appeals cannot be the "court below" here meant. The statute is providing for appeals or error from the district and circuit courts, and not the court of appeals, and the "court below" must be one of these.

In *McLish* v. *Roff*, 141 U. S. 668, 12 Sup. Ct. Rep. 118, the supreme court, in considering this statute, say:

"When that judgment [final] is rendered, the party against whom it is rendered must elect whether he will take his writ of error or appeal to the supreme court upon the question of jurisdiction alone, or to the circuit court of appeals upon the whole case. If the latter, then the circuit court of appeals may, if it deems proper, certify the question of jurisdiction to this court."

—And this it would do under section 6 of the act of 1891, which gives this court the power to certify questions of law to the supreme court, concerning which it desires instruction for its decision.

We do not think it necessary to certify so plain a question as the jurisdiction of the circuit court in this case to the supreme court for instructions.

The plaintiff in error might have taken the case to the supreme court on that question, instead of to this court upon the whole case.

The judgment of the court below is affirmed.

McKENNA, Circuit Judge. I concur in the judgment.