JOHN D. SPRECKELS & BROTHERS COMPANY *v.* THE STEAMSHIP "NEVADAN" AND AMERICAN HAWAIIAN STEAMSHIP COMPANY.

DECIDED: APRIL 6. 1903.

1. The United States District Court for the Territory of Hawaii is a court of Federal jurisdiction only, made so by Section 86 of the Act of Congress of April 30, entitled "An Act to provide a government for the Territory of Hawaii" (Vol. 31, U. S. Stats., P. 141).

2. Act 45 of the Session Laws of the Legislature of Hawaii (1898) requiring all foreign corporations to file in the office of the Treasurer of the Territory a certified copy of the charter or act of incorporation of such corporation or company, names of the officers thereof, the name of some person upon whom legal notice and process from the courts of the Territory may be served and a certified copy of the by-laws of such corporation "under penalty of being deprived of the right to sue in any court of the Territory for any cause of action whatever, while such refusal or neglect continues, does not apply to actions in admiralty instituted in the United States District Court of Hawaii.

3. In an action in admiralty where the libellant was shown to be a corporation organized under the laws of the State of California, upon a motion to dismiss the libel made during the progress of the trial, based upon the fact that libellant had not complied with the provisions of Act 45 of the Session Laws of 1898 of the Republic of Hawaii, continued in force by the Act of Congress passed for the government of the Territory; *Held,* that the provisions of such law related only to the territorial courts, and that in no event could a law of that character affect the jurisdiction of the United States District Court of Hawaii in relation to admiralty cases. The motion denied.

IN ADMIRALTY.    MOTION TO DISMISS LIBEL.

*Hatch & Silliman,* for libellant.
*Kinney, McClanahan & Bigelow,* for libellee and intervenor.

ESTEE, J.    This is a libel for salvage filed on behalf of J. D. Spreckels & Brothers Company, as owner of the steam tug "Fear-

less," and for the master and crew thereof, for salvage services alleged to have been rendered to the steamship "Nevadan," on the evening of the 8th day of December, 1902, when the said steamship "Nevadan," while proceeding down the channel from the port of Honolulu, Island of Oahu, Territory of Hawaii, to the port of Kahului, on the Island of Maui, in said Territory, went ashore upon what is known as the "Miowera" reef, on the west side of the channel, at a point distant about sixty yards from the buoy known as the "can" buoy, the said steamer being aground on the said reef at a point about one hundred feet from the stem of the said steamer.

The American Hawaiian Steamship Company, the alleged owner of the "Nevadan," intervened and filed an appearance and claim and answered the libel herein.

Among the recitals in the libel, the following language was used:

"The libel and complaint of J. D. Spreckels & Brothers Company, a corporation organized and existing under and by virtue of the laws of the state of California, the owner of the steam tug 'Fearless'......articulates and propounds as follows:...."

No direct allegation of the incorporation of the libellant or further reference to its incorporation was inserted in said libel, and no reference was made to this recital in the answer of the respondent and intervenor herein. On the hearing the articles of incorporation of the libellant were introduced without objection.

The case was referred to E. S. Gill, Esq., U. S. Court Commssioner, to take certain testimony, which was done; and thereafter, on the 24th day of March, 1903, the case came on regularly to be heard before the court upon the testimony already taken and upon the further testimony to be taken by the court.

After the libellant had introduced the major portion of its testimony, and before resting its case, the respondent intervenor made a motion in open court, to dismiss the libel of complainant; said motion was based on the affidavit of E. B. McClanahan, Esq., one of the attorneys for the respondent intervenor, and the

affidavit of Henry C. Hapai, Esq., Register of Public Accounts of the Territory of Hawaii, in the office of the Treasurer thereof.

The contention of said motion and affidavit is briefly this: that the plaintiff or libellant herein has failed to comply with the provisions of Act 45 of the Session Laws of 1898 of the Republic of Hawaii, and by such failure has lost its right to sue in this Court, and, therefore, this Court has no jurisdiction over the action.

It seems that by Section 1 of said Act 45 of the Session Laws of 1898 of the Republic of Hawaii, entitled an "Act relating to corporations and incorporated companies organized under the laws of foreign countries and carrying on business in this Republic...." and repealing certain prior acts on the same subject, it is prescribed as follows:

"Section 1. Every corporation or incorporated company formed or organized under the laws of any foreign state, which may·be desirous of carrying on business in this republic and to take, hold and convey real estate therein, shall file in the office of the Minister of the Interior (now the office of the Treasurer of the Territory, under the provisions of the Act of April 30, 1900, of the Congress of the United States providing a government for the Territory of Hawaii, Vol. 31, U. S. Statutes, P. 141.):

1.   A certified copy of the charter or act of incorporation of such corporation or company;

2.   Names of the officers thereof;

3.   The name of some person upon whom legal notices and process from the courts of this Republic may be served;

4.   A certified copy of the by-laws of such corporation or company." (*Laws ot the Republic of Hawaii*, Session of 1898, P. 89, 90, 91.)

Section 5 of the same Act provides that any such corporation failing to comply with the terms of this law shall be—

"*       *       *       *    denied the benefit of the laws of the Republic

(of Hawaii) particularly the statute limiting the time for the commencement of civil actions, and shall not be entitled to sue in any court of the republic for any cause of action whatever while such neglect or refusal continues."

This is a statute of the Republic of Hawaii, passed by its legislature prior to the annexation of the Republic to the United States and its transformation into a territory thereof. And while the Enabling Act passed by Congress on April 30th, 1900, continued many Hawaiian laws in force, including this one, it only continued this law in force for the purpose for which it was enacted. And so said Act 45 can have no bearing, even remotely, upon the case at bar. The United States District Court for the Territory of Hawaii is a Court of Federal jurisdiction only, made so by the provisions of Section 86 of the Act of Congress of April 30, 1900 (Vol. 31 U. S. Stats., P. 141) and under the terms of said Act, it is provided that:

"Said Court shall have, in addition to the ordinary jurisdiction of district courts of the United States, jurisdiction of all cases cognizable in a circuit court of the United States......" and the judge of said Court is to exercise in the Territory of Hawaii, "all the powers conferred by the laws of the United States upon the judges....of the District and Circuit Courts of the United States."

By subdivision 8 of Section 563 of the Revised Statutes of the United States, it is prescribed that the Districts Courts of the United States shall have jurisdicion of

"All civil causes of admiralty and maritime jurisdiction.... and such jurisdiction shall be exclusive except in the particular cases where jurisdiction of such causes and seizures is given to the Circuit Courts...."

It seems hardly necessary for this court to consider at length this question as to whether or not it is the duty of all foreign corporations to file the papers indicated in Section 1 of said Act 45 of the Session Laws of the Territory of Hawaii referred

to, before they can sue in an action in admiralty in this Court.
The fact that Congress in the Enabling Act, so-called, (the Act
of April 30, 1900, hereinbefore referred to) continued in force
certain Acts of the Legislature of the Republic of Hawaii, can-
not be taken as an Act of Congress controlling or changing the
original admiralty jurisdiction given to the United States Dis-
trict Courts, unless it clearly appears to be so intended. The
clear intent of the Act so continued in force must be sought for
in the language of the Act itself, and it seems quite clear to
the Court that the provisions of Act 45 of the Session Laws
aforesaid, as to the deprivation of the right to sue, etc., can re-
late only to the territorial courts; and in no event could a law
of that character affect the jurisdiction of the United States Dis-
trict Courts in relation to admiralty cases.

While an Act of a Legislature of a state may absolutely limit
the right or capacity of a foreign corporation to do business or
to take, hold and dispose of real estate within its limits, or may
give such foreign corporation such right upon compliance with
certain conditions, yet it is well established that it cannot in any
manner or form restrain or limit the jurisdiction of a Federal
Court. And if this Court were to hold that such Act 45 applied to
the United States District Court of this Territory it would be an
actual restraint upon the jurisdiction thereof.

As was said by Mr. Justice Story in the case of *"The Chusan,"*
2 Story, 455, Fed. Cases No. 2717, Vol. 5, Fed. Cases, P. 680,
682-3:

"In the exercise of this admiralty and maritime jurisdiction,
the courts of the United States are exclusively governed by the
legislation of Congress; and, in the absence thereof, by the gen-
eral principles of the maritime law. The states have no right to
prescribe the rules by which the courts of the United States
shall act, nor the jurisprudence which they shall administer. If
any other doctrine were established, it would amount to a com-
plete surrender of the jurisdiction of the courts of the United
States to the fluctuating policy and legislation of the states. If
the latter have a right to prescribe any rule, they have a right to
prescribe all rules; to limit, control or bar suits in the na-

tional courts. Such a doctrine has never been supported, nor has it for a moment been supposed to exist, at least, so far as I have any knowledge, either by any state court, or national court within the whole Union."

See also *Pacific Coast Steamship Co. v. Bancroft-Whitney Co.,* 94 Fed. 180, (C. C. A.); *New Zealand Insurance Co. v. Earnmoor S. S. Co., Limited,* 79 Fed. 368 (C. C. A.); *Barling et al. v. Bank of British North America,* 50 Fed. 260 (C. C. A.); *Columbia Wire Co. v. Freeman Wire Co. et al.,* 71 Fed. 302-3, in which latter case the exact point was raised and denied, *i. e.,* as to the necessity for complainant to comply with the foreign corporation law of the state of Missouri, by filing a copy of its charter, etc., with the Secretary of State, before bringing suit in the Federal Court.

In the case of *Barling et al. v. Bank of British North America,* 50 Fed., and which was not an admiralty case, the same point was squarely decided in favor of the complainants by the Circuit Court of Appeals of the Ninth Circuit; the court holding that the provisions of an Act of the Legislature of California entitled "An Act concerning corporations and persons engaged in the business of banking," and which provided that no corporation or person "who shall fail to comply with the provisions of this law shall maintain or prosecute any action or proceeding in any of the courts of this state," did not apply to the national courts.

See also, *Workman v. New York City,* 179 U. S. 552.

The motion of the respondent intervenor is denied.