## Rhamstine Radio Specialty Company v. Sherman.

*E. Wallace Chadwick*, for plaintiff; *Frank S. Morris*, for defendant.

BROOMALL, J., Nov. 25, 1927.—This is an action in *assumpsit*, based upon a judgment recovered by the plaintiff against the defendants in a suit instituted in the City Court of New York, State of New York, an exemplified record of the proceeding and judgment in that court being made a part of the statement of claim and the basis of the action. The defendants filed an affidavit of defense, in which they aver that: "By the laws of New York, in which judgment was obtained, which is the cause of action in this suit, a suit cannot be maintained on such judgment unless, before bringing suit, the court in which the suit was brought made an order granting leave to bring the suit on the judgment. The order has not been made, as defendant believes."

The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which is before us for disposition.

The defendant relies entirely upon the suggestion that the present action could not be brought without leave having first been obtained from the court of New York in which the original judgment was obtained. In support of this, there are cited the cases of Hinman *v.* Hare, 13 W. N. C. 251; Skelding *v.* Harris, 17 W. N. C. 238, and McClean *v.* Keener, 8 Lanc. Law Rev. 313.

It is possible that these three cases sustain the present contention of the defendant, although it is difficult to be certain of this. In each of the cases the defendant raised the same point that is raised here, in each of those cases the court discharged the rule for judgment, but in no one of the cases was there the slightest discussion of what was involved, nor was any reason whatever for the action of the court stated. In the first and second cases cited, the opinion of the court merely reads: "*Eo die*, rule discharged." In the third case, that from 8 Lanc. Law Rev. 313, the court filed an opinion, saying: "On the authority of Hinman *v.* Hare and Skelding *v.* Harris, this rule must be discharged." In spite of the respect that we have for the learned jurists who made the three decisions cited, their determination would be much more convincing had they seen fit to give any reason for the determinations. We have not been referred to any decision by the appellate courts of this State on the subject, nor have we been able to find any. The principle involved has been discussed in a number of cases outside of this State, and in every instance, so far as we have been able to trace them, the determination has been against the position now urged by the defendant, and the courts have ruled that if the law is as suggested in the affidavit of defense, it is intended merely to apply to procedure in the courts of the State of New York and is not controlling on any court outside of that state: Weber *v.* Yancy, 34 Pac. Repr. 473; Phelps

*v.* O'Brien Co., 2 Dill, 518; Union Trust Co. *v.* R. & P. R. R. Co., 29 Fed. Repr. 609.

We feel from what was said in those opinions that the provisions of the law of the State of New York in question, if it exists as alleged, is one which does not limit the force of the judgment but relates merely to a remedy thereon, and as such would have no force outside of the State of New York. In addition to this, we feel that the provision invoked, if it exists, is not sufficiently pleaded. If there is such a law, it is the duty of the defendant to set it out specifically and to state where the statute, if it is a statute, could be found, or, if it depends upon decisions of the courts of New York, to refer us to those decisions: Boughton *v.* American Exchange Nat. Bank, 9 W. N. C. 519, so that in this aspect, too, the affidavit of defense is insufficient.

And now, Nov. 25, 1927, the rule for judgment for want of a sufficient affidavit of defense is made absolute and the prothonotary is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $1383.80, with interest thereon from June 5, 1925.

From William R. Toal, Media, Pa.