## ELLISON RANCHING CO. v. WOODWARD et al.

District Court, D. Nevada. September 16, 1929.

No. C–117.

J. D. Skeen, of Salt Lake City, Utah, for plaintiff.

Morley Griswold and Milton J. Reinhart, both of Elko, Nev., for defendants Suttle, Fairchild, Young, Garat, Jenkins Co., Henderson Banking Co., and William Dunphy estate.

Milton B. Badt and James Dysart, both of Elko, Nev., for defendants Achabal and Plaza.

NORCROSS, District Judge. The several motions to dismiss the amended complaint filed, upon the part of various defendants, present, among others, the following questions:

Is it essential that the complaint allege that the plaintiff has complied with the laws of the state of Nevada in respect to corporations organized under the laws of another state and doing business therein?

Is it essential that the complaint allege that all persons using the waters of the particular stream, and of the stream system of which it may be a part, the right to the use of which is the gist of the action, have been made parties thereto?

This case was originally instituted by W. T. Smith, as receiver of the Union Land & Cattle Company. By an order of court the above-named plaintiff was substituted as the successor in interest of the original plaintiff. In the original complaint there were but six parties defendant. A motion to dismiss the original complaint, filed upon the part of three of the defendants, set forth the names of certain other parties as using the "waters of said stream and stream system, and of which the said stream and stream system is a part, who have not been made parties to the action." When the amended complaint was filed, the suggested parties, together with a number of others not previously mentioned in any of the files in the action, were made parties.

While the original petition for substitution alleges the fact that the plaintiff has complied with the laws of the state of Nevada, and was authorized to do business therein, the complaint does not contain a similar allegation. Such an allegation is unnecessary, as the jurisdiction of the court is determined by the mere question of adverse citizenship, and it is not within the power of a state to limit such jurisdiction. Barling v. Bank (C. C. A.) 50 F. 260; Dunlop v. Mercer (C. C. A.) 156 F. 545.

The amended complaint, among other matters, alleges: "That the subject-matter of this litigation is the right to the use of the water of Jack creek, in Elko county, Nevada, consisting of the flow of upwards of 50 cubic feet per second of time; * * * that during and immediately

after the said year of 1872, said plaintiff's remote grantors * * . * diverted the entire flow of said stream * * * and beneficially used the same" upon certain described lands; that subsequent thereto "defendants and their predecessors in interest acquired land along the said Jack creek and its tributaries and upon the water shed supplying said creek, * * * diverted water from the channel of said creek and its tributaries, * * * and by such diversion the flow of the said Jack creek has been reduced to such an extent that it is wholly inadequate to irrigate plaintiff's said land"; that "it is not possible for the plaintiff to specifically set out the means whereby all of said water is diverted and the particular defendants who divert the said water at any given time, and * * * that its rights to the use of said water are invaded by all of said defendants."

The prayer for relief is "that the defendants and each of them be required in accordance with the law and the procedure of this court to appear and set up their respective rights, * * * that the court * * * adjudicate the rights to the use of the water of said Jack creek, and that plaintiff be adjudged to be the owner of sufficient water to * * * irrigate its land * * * with a priority of 1872," and for "general relief."

The complaint does not specifically allege that Jack creek is a part of some stream system, or that the defendants are all the persons who claim rights on such stream or the stream system, if any there may be, of which it is a part.

██ It is contended upon the part of defendants that such an allegation is necessary by reason of a statute of the state of Nevada which provides: "In any suit which may be brought in any district court in the state for the determination of a right or rights to the use of water of any stream, all persons who claim the right to use the waters of such stream and the stream system of which it is a part shall be made parties." 3 Rev. Laws Nev. p. 3234, § 45.

Counsel for defendants have not cited an authority specifically holding that such an allegation is an essential statement of a good cause of action even in a state court. In view of the ample provisions both as to state and federal courts for the bringing in of necessary parties not originally made defendants, some very persuasive reason should appear for holding such an allegation to be necessary, particularly in actions of this kind. The section of the state stat-ute relied upon is a part of the general water law of Nevada, providing a comprehensive system for determining the relative rights of water users upon the streams and stream systems of the state. The section relied upon further provides:

"When any such suit has been filed, the court shall, by its order duly entered, direct the state engineer to furnish a complete hydrographic survey of such stream system, * * * in order to obtain all physical data necessary to the determination of the rights involved. * * * In the case of any such suit * * * the same may at any time after its inception, in the discretion of the court, be transferred to the state engineer for determination as in this act provided."

It has not been suggested that this court would have any authority to direct a state officer to perform any particular function, or that in its discretion it might transfer the case to the state engineer for his preliminary determination. Upon those subjects no opinion is expressed. It does appear, however, from the state statutes, that it would be quite impossible to determine the relative rights of water appropriators upon a stream or stream system without at some stage of the proceedings bringing in all parties affected.

A state may not by its laws deprive a citizen of another state of a right to establish and protect his rights to property within the state by a proceeding in a federal court. As it now appears from the amended complaint, the plaintiff asserts a prior right of appropriation to a certain stream. It has alleged that certain defendants are invading those rights, and prays a relief within the province of the court to grant. It does not appear on the face of the amended complaint that there are other necessary parties. In view of the power of this court to require other parties to be brought in, should it appear they are necessary to a determination of the suit, the better reasoning appears to the court to be that an allegation that the named defendants are all the persons who claim rights on the stream or stream system is unnecessary.

██ It is contended that the amended complaint is indefinite and uncertain, in that it does not state with particularity the times, amounts, and character of the several appropriations and diversions, and the particular lands irrigated, both as to plaintiffs and defendants. Attention has been called to certain authorities in which it would appear that a rather strict rule had been held

822

to apply. No good reason appears for the application of a rule requiring great particularity in such pleadings. Cases involving water appropriations in the arid region are sui generis. Whether the pleadings be simple or attempt elaborate detail, the ultimate questions have to be determined in the same way, often by the taking of a mass of testimony and the gathering of engineering data.

Some minor questions have been presented upon the motions, which in most instances have not been touched upon in the briefs filed. They have been considered, and are deemed to be without substantial merit.

The several motions to dismiss are denied.