[No. 12106.   Department One. — August 30, 1887.]

THE PEOPLE, RESPONDENT, v. O. P. DOBBINS, AP-PELLANT.

STATUTES — CODE — CONSTRUCTION OF CONFLICTING SECTIONS. — Section 4484 of the Political Code, providing that in the construction of conflicting sections of the same chapter or article of the codes the provisions of the section last in numerical order must prevail, does not govern in the construction of sections that were passed at different times. In such a case, the section that was last passed must prevail.

ID. — GAME LAWS — FINES FOR VIOLATING HOW DISPOSED OF. — Section 634 of the Penal Code, as amended on March 12, 1885, and section 636 of the same code, as amended on March 30, 1878, being in direct conflict as to the disposition that should be made of fines collected for violations of the game laws, the former section determines the disposition to be made of fines collected for violations occurring after its amendment, and before the taking effect of the amendment of March 24, 1887, to section 636.

ID. — ACT AMENDING SECTION OF CODE — TITLE OF. — The act of March 12, 1885, entitled "An act to amend an act entitled 'An act to establish a Penal Code,' approved February 14, 1872, by amending section 634, relating to fish and game," sufficiently expressed the subject of the act in its title, within the meaning of the requirement of the constitution.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*J. F. Wendell*, for Appellant.

*A. B. Dibble*, and *A. D. Mason*, for Respondent.

BELCHER, C. C.—This is an agreed case, and the only question involved is, whether the provisions of sections 634 or 636 of the Penal Code govern as to the disposition of fines collected for violations of chapter 1, title 15, of that code, the two sections being in direct conflict. It appears from the agreed statement that the district attorney of Solano County, the appellant here, had in his hands the sum of $305, being the one fourth of certain fines collected in cases prosecuted by him for violation of that chapter in the Justices' Courts of his county during the year 1885, and subsequent to May 12th of that year; and the question is, What is to be done with that money? Of the other three fourths, the sum of $610 was paid to the informers, and $305 to the district attorney, and about this there is no controversy.

Section 636 was amended on March 30, 1878, and until it was again amended on March 24, 1887, in so far as it related to the disposition of moneys collected for fines, reads as follows:—

"One half of all moneys collected for fines for violation of the provisions of this chapter shall be paid to informers, and one half to the district attorney of the county in which the action is prosecuted."

Section 634 contained no provision relating to the moneys collected for fines until March 12, 1885, but it was then amended, the amendment taking effect May 12th, so as to contain the following provision:—

"One half of all moneys collected for fines for violation of the provisions of this chapter shall be paid to the informer, one quarter to the district attorney of the county in which the action is tried, and one quarter shall be paid into the fish commission fund."

It is claimed for the appellant that section 636 must

control as to the disposition of the money, because it is last in numerical order, and there is nothing in the chapter apart from the conflicting provisions to indicate an intention that the section first in numerical order should prevail; and section 4484 of the Political Code is cited as decisive of the question. That section provides as follows:—

"If conflicting provisions are found in different sections of the same chapter or article, the provisions of the sections last in numerical order must prevail, unless such construction is inconsistent with the meaning of such chapter or article."

There can be no question that the four codes constitute but one statute (Pol. Code, sec. 4480; *People* v. *Applegarth*, 64 Cal. 229), and that if the two conflicting sections had been passed at the same time the rule invoked would apply. But the question here is, Does that rule apply where the sections were passed at different times?

We do not think it does. It is an old and well-settled rule that when two laws upon the same subject, passed at different times, are inconsistent with each other, the one last passed must prevail. So it has always been the rule that when different provisions of a statute, all passed at the same time, could not be reconciled, the one that came last in point of position must prevail. And this was upon the theory that effect should always be given to the latest rather than to an earlier expression of the legislative will, presumption being that the latter part of the statute was last considered.

Section 4484 ought not to be so construed as to change these old and well-established rules, unless it clearly appears that at the time of its passage such was the legislative intent. We are unable to see anything indicating such an intent; on the contrary, the section seems to be only the plain expression of what was already well-established law. In our opinion, therefore, section 634, being

the latest expression of the legislative will, must be held to be the law, and must control as to the disposition of the moneys referred to therein.

The point is also made that the provision of section 634 for the disposition of the fines collected for violations of that chapter is unconstitutional, because that subject is not expressed in the title of the act. The act is entitled "An act to amend an act entitled 'An act to establish a Penal Code,' approved February 14, 1872, by amending section 634, relating to fish and game."

In *People* v. *Parvin et al.* (decided August 23, 1887, and affirmed in Bank, January 25, 1888), this court had under consideration an act passed by the legislature, entitled "An act to amend section 3481 of the Political Code." It was objected that that act was void because the subject of the act was not expressed in its title; but the court held the title sufficient and the act valid. Upon the point in hand that case is decisive of this.

In our opinion, the judgment should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.