IN THE MATTER OF THE ESTATE OF AUGUST SCHADE.

[No. 12,713; decided June 30, 1888.]

Homestead.—Where a Husband Dies After His Wife has Filed a declaration of homestead on community property, and subsequently she marries again and then dies without petitioning to have the homestead set apart to her in probate, a minor son born of the first marriage is entitled to have the homestead set apart to him.

Application to set apart homestead to minor.

R. Thompson, attorney for C. Lehrke, surviving husband of Julia P. Lehrke, formerly wife and widow of August Schade.

F. J. Castelhun, attorney for guardian of minor, George A. Schade.

Edward G. Stetson, for Martinson, minor, alleged adopted son.

COFFEY, J. August and Julia Schade intermarried November 5, 1876. August 20, 1881, they purchased for $2,000 the lot in question, the deed naming both as grantees. Between that date and June 5, 1885, they erected upon the said lot of land a two-story house, into which they moved after its completion.

On June 5, 1885, while they were living in the house, Julia, the wife of August, filed a declaration of homestead upon the house and lot, in which declaration she estimated the cash value of the premises to be $5,000.

On May 12, 1890, August died intestate, leaving him surviving Julia, his widow, and George A. Schade, now aged six years and upward, his only descendant.

On the second day of September, 1892, said widow applied for letters of administration upon the estate of her husband, but her petition was never acted upon. Subsequently she married Christian Lehrke.

On November 1, 1892, Julia died intestate, leaving her surviving her husband, Christian Lehrke, and George A. Schade, her only descendant.

No application was ever made on behalf of the widow of August Schade to have the homestead set apart to her and the said premises were never set apart to the widow of said August Schade as a homestead.

On December 15, 1892, letters of administration upon the estate of August Schade, deceased, were duly issued by this court, to said Christian Lehrke and Alide Schenck, guardian of minor George.

On May 26, 1893, said administrator and administratrix of the estate of said August Schade, deceased, duly returned and filed an inventory and appraisement of the said estate, in which inventory and appraisement the said homestead was appraised as being of the value of $7,000, on the fifth day of June, 1885, and as being of the value of $9,000 on the twenty-sixth day of May, 1893.

On a reappraisement of said homestead filed on the sixth day of November, 1893, said homestead was again appraised as being of the value of $7,000 on said fifth day of June, 1885.

It is quite clear from the foregoing facts that the homestead was selected from the community property: Tolman v. Smith, 85 Cal. 280, 24 Pac. 743; Morgan v. Lones, 78 Cal. 58, 20 Pac. 248; Dimmick v. Dimmick, 95 Cal. 323, 30 Pac. 547; Jordan v. Fay, 98 Cal. 264, 33 Pac. 95.

It is also perfectly plain that if Julia, the widow of August, had applied to this court for an order setting apart to her the premises in question as a homestead, that it would have been the duty of the court to make the order: Code Civ. Proc., sec. 1465. But the widow having failed to apply for the order, is the minor, George A. Schade, entitled to have the premises set apart to him as a homestead, or did the title thereto and therein vest in Julia, the widow, on the death of her husband?

Section 1465, Code of Civil Procedure, provides that the court must set apart, "for the use of the surviving husband or wife, or in case of his or her death, to the minor children of the decedent," the homestead selected from the community property.

The widow of the decedent having died without having applied to the court for the homestead in question, the contingency provided for by section 1465, Code of Civil Procedure, has occurred which entitles the minor to the homestead.

Mr. Stetson, on behalf of a nephew, who, it was thought, had been adopted by the widow, contends that the word "decedent" in the section referred to has reference to the spouse last dying, and that the homestead must be set apart to the minor through the medium of his mother's estate, to the exclusion of the second husband.

The section taken as a whole negatives such an interpretation.

It is the estate of the decedent first dying that is under consideration. Had the legislature intended what Mr. Stetson claims was its intention to do, namely, to permit the children by a second husband to share the homestead jointly with the children of the first, it would have used appropriate language to clearly express that idea.

The construction contended for also implies that a second administration must be had. Oftentimes the estate of a decedent only consists of a homestead. Why put a family to the expense of probating two estates, when it can be done as effectually in one administration as in two? Moreover the section in question places it in the power of the surviving spouse to obtain the homestead. Having obtained it, all her heirs would take it, as they do her other property.

The widow, having failed to avail herself of section 1465, Code of Civil Procedure, must be deemed to have waived a right conferred upon her by law, and to have intended the homestead for the issue of the first marriage.

This is also more in accordance with the natural order, for it is to be presumed that the issue of the second marriage will be properly provided for by their parents out of property acquired by them during their marriage, just as the issue of the first marriage are entitled to the property acquired by their parents during their marriage.

Why should the children of the second marriage have the right to share equally with the children of the first, when the latter are not permitted to share equally with the former?

On behalf of the surviving husband it is claimed that section 1265, Civil Code, vests the homestead absolutely in the survivor without the interposition of the court. While this may be the popular idea, it is apparent at a glance that this cannot be the case. It requires the judgment of the court to determine whether there was a valid declaration of homestead and whether there is a surviving spouse, for, as is well known, there have been cases where more than one woman claimed to be the same man's widow.

This action of court would be necessary, even if there were no provision requiring it. But section 1465, Code of Civil Procedure, in express terms requires it. The codes must be construed with reference to one another, so that effect shall be given, if possible, to every provision thereof. Applying this principle to the sections under consideration, there is no conflict whatever between them, for effect can be given to both.

If, however, there be a conflict between section 1265 of the Civil Code and section 1465 of the Code of Civil Procedure,

the former must yield to the latter: Estate of Croghan, 92 Cal. 370, 28 Pac. 570.

Section 1265, Civil Code, was passed April 6, 1880, while section 1465, Code of Civil Procedure, was passed April 16, 1880.

Prior to the last-named date, the latter section read as follows: "Upon the return of the inventory, or at any subsequent time during the administration, the court or the probate judge may, on his own motion or on petition therefor, set apart for the use of the surviving husband or wife, or the minor children of the decedent, all property exempt from execution, including the homestead."

By the amendment the words "in case of his or her death," were inserted before the words, "the minor children." This shows that it was the intention of the legislature to modify section 1265, Civil Code, otherwise the amendment remains meaningless.

Where sections of a code are passed at different times, the section last passed must prevail: People v. Dobbins, 73 Cal. 257, 14 Pac. 860.

If this be true as to sections of one code, it must also be true as to sections of the different codes, in so far as they may treat of the same subject matter.

It is therefore decided that the homestead in the case at bar must be set apart to George A. Schade, the minor son and only descendant of August Schade, deceased, and also the son and only descendant of Julia P. Lehrke, deceased, formerly Julia P. Schade, wife of said August.

---

Minor Children are Entitled to the Benefit of a Probate Homestead, and the court may set one apart to them although they have no living parents. When application is made by a minor child of a decedent to have a homestead set apart from community property, the surviving widow having died and the other children having attained majority, without applying for a homestead, the court must grant the application and set aside the homestead absolutely, not limiting it to the period of minority or otherwise: Estate of Hayes, 1 Cof. Pro. Dec. 551, and note.