[L. A. No. 236.   Department Two.—February 23, 1897.]

HENRY C. DILLON, RESPONDENT, *v.* CHARLES F. BICKNELL, AUDITOR, ETC., APPELLANT.

DISTRICT ATTORNEY—TERM OF OFFICE—COMPENSATION FOR HOLDING OVER—COUNTY GOVERNMENT ACT—REPEAL OF CODE PROVISION.—Section 4109 of the Political Code, limiting the term of office of certain county officers, including the district attorney, to the precise period of two years, was repealed by section 60 of the County Government Act, providing that all officers elected thereunder shall hold office until their successors are elected or appointed and qualified; and the district attorney is entitled to demand and receive compensation in proportion to his monthly salary for such part of a month as he may hold over, after the expiration of the term for which he was elected, until his successor has qualified.

ID.—STATUTORY CONSTRUCTION — REVISION — REPEAL BY IMPLICATION. — Whenever it clearly appears that the intention of the legislature, by a later act, is to revise the entire subject matter of a former act, the subsequent act operates as a repeal of the former, although it contains no precise words to that effect; and even if the subsequent statute be not repugnant in all of its provisions to a prior one, yet, if the later statute was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act.

ID.—CONSTRUCTION OF COUNTY GOVERNMENT ACT—PRO RATA COMPENSATION OF OFFICERS.—The County Government Act, though providing for warrants in favor of county officers for their salary, to be drawn on the first Monday of each and every month, contemplates that the warrant may be drawn for such fractional portion of a month as the officer may actually serve after the first Monday of January, with which his term ordinarily concludes.

APPEAL from a judgment of the Superior Court of Los Angeles County.   LUCIEN SHAW, Judge.

The facts are stated in the opinion.

*District Attorney J. A. Donnell,* and *Deputy District Attorney George M. Holton,* for Appellant.

*M. W. Conkling,* and *H. C. Dillon,* for Respondent

HAYNES, C.—Plaintiff was elected district attorney of Los Angeles county at the general election in November, 1892, and entered upon his said office on the second day of January, 1893, that being the first Monday after the first day of January, and his term of office

expired on the seventh day of January, 1895, that being also the first Monday after the first day of January of that year. The salary was four thousand dollars per annum, and he received from the salary fund of the county eight thousand dollars, which was paid him in monthly installments of three hundred and thirty-three and one-third dollars per month, by warrants drawn by defendant upon the county treasurer, as provided by section 221 of the County Government Act of 1891. (Stats. 1891, p. 419.) Plaintiff, claiming that he served as district attorney five days more than two official years, demanded of the defendant, as such auditor, that he draw a warrant upon the county treasurer for his salary for said five days, amounting to fifty-four dollars and fifty cents. The auditor refused to issue said warrant, and the court below, upon the petition of the plaintiff, rendered judgment directing a peremptory writ of mandate to issue as prayed for by plaintiff, and from said judgment the defendant appeals.

Sec. 20, art. XX, of the constitution provides as follows: "Elections of the officers provided for by the constitution, except at the election in the year 1879, shall be held on the even numbered years next before the expiration of their respective terms. Terms of such officers shall commence on the first Monday after the first day of January next following their election."

Section 4109 of the Political Code, as amended March 7, 1881 (Stats. 1881, p. 72), is as follows: "All elective county, city, and township officers, except superior court judges, superintendents of schools, and assessors, shall be elected at the general election to be held in the year 1882, and at the general election to be held every second year thereafter, and shall take office on the first Monday after the first day of January next succeeding their election, and shall hold office for two years. The years that said officers are to hold office are to be computed respectively from and including the first Monday after the first day of January of any one year to and

including the first Monday after the first day of January of the next succeeding year; provided," etc.

It is conceded that if that section of the Political Code is still in force it is conclusive as to what constitutes the official year, and that under its provision the demand made by the plaintiff was unauthorized. It is contended, however, that said section has been repealed, and whether it has been repealed or not is therefore the controlling question.

The County Government Act of 1883 (Deering's Pol. Code, Appendix, sec. 60, p. 850), is as follows: "All elective county and township officers (except superintendent of public schools and assessors) shall be elected at the general election to be held in November, 1884, and every two years thereafter, and shall take office at 12 o'clock meridian on the first Monday after the first day of January next succeeding their election. . . . . All officers elected under the provisions of this act shall hold office until their successors are elected or appointed and qualified."

The County Government Act of 1891 (Stats. 1891, sec. 60, p. 314), contained the same provision as to the time when officers should enter upon their office, and contained also the provision that all officers elected under it should hold office until their successors are elected or appointed and qualified.

We think it clear that these subsequent acts repealed section 4109 of the Political Code as amended March 7, 1881, though none of them contained any provision expressly repealing that section. Said section 60 is a revision of said section 4109. It covers the same ground with the exception of the clause defining how the official year shall be computed, but changes a number of its provisions, the more important of which are the following: The old section provided that the election shall be held "at the general election to be held in the year," etc. The new act inserted the word "November" in that sentence, thus changing the time of the election

CXVI. CAL.—8

from September to November. In the clause in the
old act providing that the officer shall take office on the
first Monday after the first day of January next succeed-
ing his election, and shall hold office for two years, the
words "12 o'clock meridian" were inserted, and instead
of the provision that he should hold office for two years
it was provided "that all officers elected under the pro-
visions of this act shall hold office until their successors
are elected or appointed and qualified," thus repeat-
ing the rule fixed by section 879 of the Political Code
for the termination of his incumbency of the office.
This change in the section we think conclusively indi-
cates that the new section was intended to be a revision
of the former section, and preserved all of its provisions
that were intended to be retained.

We think the rule was correctly stated by the learned
judge of the court below that "wherever it clearly ap-
pears that the intention of the legislature by the later
act is to revise the entire subject matter of the former,
the subsequent act operates as a repeal of the former,
although it contains no precise words to that effect."
(*Treadwell* v. *Yolo County*, 62 Cal. 564; *Charnock* v.
*Rose*, 70 Cal. 192; *Hanley* v. *Sixteen Horses*, 97 Cal. 183;
*Ex parte Benjamin*, 65 Cal. 310.)

In Sedgwick on Statutory Law, page 124, it is said:
" Even if a subsequent statute be not repugnant in all its
provisions to a prior one, yet if the later statute was
clearly intended to prescribe the only rule which should
govern in the case provided for, it repeals the original
act."

Appellant contends, however, that other provisions of
the County Government Act of 1891 are inconsistent
with and do not justify the conclusion of the court be-
low, and cites the following section of that act:

"Sec. 221. The salaries of such officers named in
this act as are entitled to salaries shall be paid monthly
out of the county treasury; and it shall be the duty of
the auditor, on the first Monday of each and every
month, to draw his warrant on the county treasurer

in favor of each of said officers for the amount of salary due him under the provisions of this act for the preceding month."

The above section was also incorporated in the County Government Act of 1893. Section 117 of the County Government Act of 1891 (Stats. 1891, p. 323) provided as follows: "All warrants issued by the auditor during each year, commencing with the first Monday after the first day of January, must be numbered consecutively, and the number, date, and amount of each, and the name of the person to whom payable, and the purpose for which drawn must be stated thereon."

We do not think these sections sustain appellant's construction. Said section 221 requires the auditor to draw his warrant on the first Monday of the month in which the term of office expires, yet it may happen, and does occasionally happen, that the first Monday in January is the first day of January, and the term of the incumbent does not in that case expire until the second Monday; and in that case, upon the theory of appellant that the month for which the warrant is drawn is necessarily from the first Monday of the preceding month to the first Monday of the succeeding month, it would clearly appear that the incumbent does not, under his theory, always receive pay for the full time for which he serves, whether his successor is elected and qualified on the day fixed by the statute or not. Indeed, under the statute fixing the commencement and termination of the terms of county officers it can never happen that the term consists of precisely two years, it being sometimes more and sometimes less; and therefore the provision fixing the compensation at an annual sum should be construed as fixing the rate of compensation to be paid for the time the officer actually serves. This construction will do exact justice between the preceding and succeeding officers, and not increase the burden to be borne by the people.

The judgment appealed from should be affirmed.

Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

TEMPLE, J., HENSHAW, J., McFARLAND, J.