[S. F. No. 3524. Department Two.—November 21, 1905.]

## ALAMEDA COUNTY, Respondent, v. HENRY P. DALTON et al., Appellants.

POLL-TAX—STATE TAX.—The state poll-tax authorized to be levied and collected by the legislature under section 12 of article XIII of the constitution, and which is required to be paid when collected into the state school fund, is a state tax.

COUNTIES—JUDICIAL NOTICE OF CLASSIFICATION.—The courts will take judicial notice that Alameda County is a county of the third class, as classified by the County Government Act of 1897 (Stats. 1897, p. 452, c. 277), for the purpose of regulating the compensation of county officers.

COUNTY GOVERNMENT ACT OF 1897—COUNTIES OF THIRD CLASS—ASSESSOR'S RIGHT TO PERCENTAGE.—Subdivision 7 of section 160 of the County Government Act of 1897, providing that in counties of the third class "the assessor shall receive no commission for his collection of taxes on personal property, . . . nor any compensation or commission for the collection of poll-taxes or road poll-taxes," and section 215 of the same act, providing that "the salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers named; . . . provided, . . . the assessor shall be entitled to receive

and retain for his own use six per cent on personal property tax collected by him . . . and fifteen per cent of all amounts collected by him for poll-taxes, and also five dollars per hundred names returned by him as subject to military duty; . . . provided, however, that in counties and cities and counties of the first, second, and third classes the assessor shall receive no commission for the collection of taxes on personal property, nor shall such assessor receive any compensation for making out a military roll of persons returned by him as subject to military duty,'' are irreconcilably conflicting. in respect to the right of the assessor of counties of the third class to retain a percentage of the poll-taxes collected by him, and therefore the provisions of section 215 of the act being the latest in point of position, and the last expression of legislative intent upon the subject, must prevail.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Campbell, Fitzgerald, Abbott & Fowler, for Appellants.

U. S. Webb, Attorney-General, and John J. Allen, District Attorney, for Respondent.

LORIGAN, J.—The defendant and appellant Henry P. Dalton was the assessor of Alameda County during the year 1899, and the other defendants and appellants were his official bondsmen. As such assessor, Henry P. Dalton, during said year, collected state poll-taxes amounting to $25,501, and retained for his own use $3,825.15, being fifteen per cent thereof, to which he claimed that he was entitled as commissions allowed by law for collecting the same, and turned the rest into the treasury of said county. This action was brought to recover the amount so retained by him. In their answer defendants admitted the facts alleged in the complaint, but claimed that defendant Henry P. Dalton retained said sum of $3,825.15 as a matter of right, because allowed him as compensation under the laws of the state for collecting said state poll-taxes. Judgment was rendered for plaintiff upon the pleadings, and defendants appeal therefrom, and come here on the judgment-roll alone.

The sole question presented on this appeal is whether the appellant Henry P. Dalton, as such assessor of Alameda

County, was entitled to receive and retain such percentage
for his own use and benefit, and its solution involves a matter
purely of statutory construction. The state poll-tax, com-
pensation for the collection of which is the matter in question
here, is a per capita tax, which, under section 12 of article
XIII of the constitution, is authorized to be levied and col-
lected by the legislature, and which is required to be paid
when collected into the state school fund. It is distinctively
a state tax, and, as said by this court in *County of San Luis
Obispo* v. *Felts*, 104 Cal. 64, [37 Pac. 781], "It is fair, rea-
sonable, and just that they [the poll-taxes] should be charged
with such expense [of their collection], and, indeed, the fact
that they are exclusively a state tax makes it peculiarly
appropriate that the agents of their collection should be com-
pensated by a percentage of their collection, rather than out
of the salary or general funds of the county." It is provided
by section 3840 of the Political Code that the assessor must
collect this tax, and by section 3862 that "the assessor for
services rendered in collection of poll-taxes shall receive the
sum of fifteen per cent." In the case above quoted from—*San
Luis Obispo County* v. *Felts*—the constitutionality of the lat-
ter section was in question and decided to be valid. For the
purpose of regulating the compensation of county officers the
several counties of the state were by the County Government
Act of 1897 (Stats. 1897, p. 452, c. 277) classified, and under
such classification the county of Alameda became (as the court
will take judicial notice) a county of the third class—the
only one of that class in the state. The sections of that act,
in as far as they affect the rights of assessors of counties of
the third class to retain commissions for the collection of poll-
taxes, are as follows: Subdivision 7 of section 160 (p. 503)
declares that "It is hereby further provided, that in counties
of this class [the third class] the assessor shall receive no
commission for his collection of taxes on personal property,
nor shall such assessor receive any compensation or com-
mission for the collection of poll-taxes or road poll-
taxes. . . ." And section 215 (p. 572) of the same act pro-
vides: "The salaries and fees provided in this act shall be in
full compensation for all services of every kind and descrip-
tion rendered by the officers herein named; . . . provided . . .
the assessor shall be entitled to receive and retain for his own

use six per cent on personal property tax collected by him . . . and fifteen per cent of all amounts collected by him for poll-taxes and road poll-taxes, and also, five dollars per hundred names returned by him as subject to military duty, as provided in section 1901 of the Political Code; . . . provided, however, that in counties, and cities and counties, of the first, second, and third classes, the assessor shall receive no commission for the collection of taxes on personal property, nor shall such assessor receive any compensation for making out a military roll of persons returned by him as subject to military duty, as provided by section 1901 of the Political Code. . . ."

These sections constitute the law upon the subject of the compensation of the assessor for the collection of state poll-taxes. Each section is directed to that subject, and assumes to deal completely and exclusively with the matter. It is quite apparent at first glance, however, that the above-quoted provisions are radically at variance with each other. Subdivision 7 of section 160 declares that the assessor shall not receive compensation for the collection of poll-taxes, while section 215 not only declares that he shall receive it, but that he shall retain it for his own use and benefit. Both of these sections cannot be made to apply to the county of Alameda, and the question presents itself, Which one of them prevails as to that county—whether the prohibition in subdivision 7 of section 160 is to be considered as a special exemption to the general provision in section 215, or whether the sections are irreconcilable, and, if they are, must section 215, which is later in position in the general act than subdivision 7 of section 160, be deemed the latest expression of legislative intent upon the subject, and for that reason prevail over the subdivision of the prior section? It is insisted by respondent that the court should apply the rule, as stated in *Bateman* v. *Colgan*, 111 Cal. 586, [44 Pac. 240], that "Where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, though latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject-matter, so far as coming within its particular provisions." But the rule there announced cannot avail this respondent, because it can be applied only in cases where there is no irreconcilable inconsistency between the special and the general statute. In

the case at bar it is quite apparent that there is such irreconcilable conflict between these two provisions of the statute. There is no way in which they can be harmoniously construed. By the very terms of both sections special reference is made to counties of the third class, of which, as we say, we will take judicial notice that Alameda County is of that class. Nor can it be said with exactness that section 215 is a general provision, as far as the county of Alameda is concerned. It is as specially directed to that county as is subdivision 7 of section 160. It deals with the matter of the compensation of the assessor of Alameda County as well as does the prior section, as it specifically provides that in the class of counties to which Alameda belongs the assessor shall receive no compensation for collection of taxes on personal property, or for the making of the military roll.

But conceding, however, that section 215 is general, notwithstanding it refers to and applies specifically to Alameda County as a county of the third class, still the general rule stated in *Bateman* v. *Colgan,* 111 Cal. 586, [44 Pac. 240], cannot apply, because that rule has application only where the special and general provisions are not radically inconsistent. Here there can be no doubt of such inconsistency in the sections. A comparison of both discloses that by the earlier section (160) the assessor of Alameda County is prohibited from receiving any compensation for the collection of personal property taxes, for making the military roll, or for the collection of poll-taxes. By the subsequent section that officer is still prohibited from receiving compensation for the collection of personal property taxes and for the making of the military roll, but is expressly authorized to receive and "retain for his own use" fifteen per cent of the poll-tax collections contemplated by section 3862 of the Political Code. The one section prohibits him from even receiving compensation by way of commission in the collection of poll-taxes; the other section provides that he may not only receive, but retain, it for his own benefit. It would be difficult to suggest a more clear and direct inconsistency and repugnancy between distinct provisions of an act purporting to deal with the same subject. Under this condition of conflicting legislation the rules of interpretation and construction are clear. In Black on Interpretation of Laws (p. 118) it is said: "There is no

rule of law which prohibits the repeal of a special act by a general one. Nor is there any principle forbidding such repeal without the use of express words declarative of the legislative intent to repeal the earlier statute. The question is always one of intention, and the purpose to abrogate the particular enactment by a later general enactment is sufficiently manifested when the provisions of both cannot stand together, and it is a cardinal doctrine in the construction of statutes that, if possible, full effect shall be given to all their parts." (*State* v. *Williamson*, 44 N. J. L. 165.) And when, upon a consideration of different sections or parts of a statute it is apparent that an irreconcilable conflict exists between them, the controlling rule of construction is that the latest legislative expression upon a given subject must govern; that where inconsistent provisions are found in an act that provision which is latest in position in the act is deemed to express the last, final legislative intent, and prevails over prior repugnant provisions, though all are found in the same act and are intended to take effect at the same time. The rule is thus stated in *People* v. *Dobbins*, 73 Cal. 259, [14 Pac. 860]: "It is an old and well-settled rule that, when two laws upon the same subject, passed at different times, are inconsistent with each other, the one last passed must prevail. So it has always been the rule that, when different provisions of a statute, all passed at the same time, could not be reconciled, the one that came last in point of position must prevail. And this was upon the theory that effect should always be given to the latest rather than to an earlier expression of the legislative will; the presumption being that the latter part of the statute was last considered." This rule is further supported by *Dillon* v. *Bicknell*, 116 Cal. 111, [47 Pac. 937]; *Davis* v. *Whidden*, 117 Cal. 618, [49 Pac. 766]; Sutherland on Statutory Construction, sec. 160; Sedgwick on Statutory and Constitutional Law, 415; 26 Am. & Eng. Ency. of Law, 2d ed. p. 619.

Applying these rules of construction to the case at bar, as subdivision 7 of section 160 and section 215 are irreconcilably inconsistent upon the subject as to what compensation the assessor of Alameda County shall receive for the collection of poll-taxes, section 215, being the last expression of legislative intent upon the subject, must control. It follows therefore that the assessor of Alameda County was justified

by the provisions of the latter section in receiving and retaining to his own use the fifteen per cent of the state poll-tax collected by him, and the judgment denying him this right is therefore reversed, with directions to the lower court to enter a judgment for defendant upon the pleadings.

Henshaw, J., and McFarland, J., concurred.