[Civ. No. 19355.   First Dist., Div. One.   Mar. 8, 1961.]

WILMA S. YOUNG et al., Respondents, v. CITY OF SAUSALITO et al., Appellants.

John B. Ehlen for Appellants.

Buresh, Smith, Truett & Durham for Respondents.

BRAY, P. J.—Defendants, in an action for declaratory relief, appeal from a judgment in favor of plaintiffs ordering defendant city council to certify to the board of review certain pay decreases.

## QUESTIONS PRESENTED

1. Does rule XIII of resolution 1301 of the city of Sausalito apply to salary reductions not disciplinary in nature? It is agreed that the only issue here is the right of appeal and not the propriety of the reductions imposed.

2. Is there a void delegation of the council's legislative duty?

3. Are certain findings of fact unsupported by the evidence?

## RECORD

Plaintiffs are respectively the deputy city clerk and the deputy tax collector of the city of Sausalito, and are civil service employees. The city council on June 26, 1956, adopted resolution 1317, reducing the hourly salary of the deputy city clerk from $2.30 to $2.01 and that of the deputy tax collector from $2.26 to $2.01. Thereupon plaintiffs applied to the city council for leave to have their salary reductions reviewed by a board of review, a city commission created by resolution 1301. The council denied their application. Plaintiffs then filed this action for declaratory relief. The trial court rendered judgment requiring the city council to certify to the board of review said pay decrease for appropriate attention and action.

1. *Rule XIII Applies to Nondisciplinary Salary Reductions.*

Rule XIII is headed "Demotions-Suspensions-Removals" and the portion pertinent here reads: "All persons holding positions in the Classified Service shall be subject to suspension without pay for a period of not to exceed thirty days, and also to demotion or removal from office or employment, office or board, but subject to the right of appeal of the aggrieved party to the Board of Review in the manner set forth in the rules and regulations. . . . *A reduction in pay shall be deemed a demotion within the meaning of this section unless such reduction is a part of a general plan to reduce all salaries and wages as a part of an economy or general curtailment program."* (Emphasis added.)

It is conceded that the salary reductions in question were not ordered because of any misconduct, incompetency, inefficiency, failure to perform any duty or to observe any rules or regulations, and were in nowise intended to be disciplinary

in nature. Also the reductions were not a part of a general plan to reduce all salaries and wages as a part of an economy or general curtailment program. These reductions in salaries were the only reductions made and all the other civil service employees received salary increases.

Following the portion of rule XIII above quoted, the rule provides that an employee who has been suspended, demoted or removed from office may file with the personnel clerk a written demand requesting that the board of review shall review such suspension, demotion or removal. Thereupon the clerk shall without delay file a copy of "said reasons and the answer" with the board of review. After a hearing, the board of review shall render "[w]ritten conclusions" and certify them to the city council. "Such findings and conclusions of the Board of Review shall be conclusive and binding upon the City Council or officer from whose order the appeal was taken. The City Council or officer from whom the appeal was taken shall thereupon affirm the action taken by the Board of Review." The decisions and orders of the board and the action taken thereon by the council or officer are final and conclusive and not reviewable in any court.

The city's position is that rule XIII, which is the only provision for appeal to the board of review, applies only to disciplinary actions, and that there is no provision for appeal where the salary reduction is not for disciplinary purposes.

Although the provision which states that single reductions in pay shall be deemed demotions is in the rule headed "Demotions-Suspensions-Removals," such fact does not make the provision solely applicable to demotions for disciplinary reasons. The rule says that a reduction in pay except as part of a general economy plan is a demotion. It provides for no other exception. Considering its language in relation to the philosophy and spirit of the civil service system, it can mean only that reduction in pay is subject to review whether the reduction is for disciplinary purposes or any other purpose, except in connection with a general economy or curtailment plan. Any other interpretation of the rule would constitute a return to the old "spoils system." ▮ "[I]t is one of the great maxims of interpretation to keep always in view the general scope, object, and purpose of the law rather than its mere letter." (*Rutledge* v. *Crawford* (1891), 91 Cal. 526, 533 [27 P. 779, 25 Am.St.Rep. 212, 13 L.R.A. 761].) Whenever a city council desired to replace a particular employee with a favorite of the council, all it would have to do would be to reduce the

incumbent's salary so low that the latter would be forced to resign, and then replace him with the favorite and raise the salary. Under the single reduction of salary system an experienced, efficient and valued civil servant would have no protection against arbitrary action of the council.

Rule XX of resolution 1302 reads: "The City Council shall from time to time fix the salary and compensation of each employee or officer in the Classified Service holding a permanent position and shall fix the compensation of all emergency or temporary employees at the time of their appointment." Section 36506 of the Government Code declares that "the city council shall fix the compensation of all appointive officers and employees." Such power carries with it the right to lower as well as to increase such compensation. (See *Fidler* v. *Board of Trustees,* 112 Cal.App. 296 [296 P. 912].)

The city contends that allowing an appeal from a reduction in pay other than in disciplinary proceedings would be permitting the board of review to fix salaries of city employees, in violation of said rule XX and section 36506 of the Government Code. Such, however, would not be the case. The board of review's power in passing on the employee's appeal would merely be to determine whether or not the council had acted arbitrarily or without good reason in making the reduction and to refer the matter back to the council for redetermination of the salaries. This would not constitute a violation of the rule or the section.

The city contends that the provision in rule XIII that the findings and conclusions of the board of review shall be conclusive and binding upon the council and shall be affirmed by the council indicates that it was intended that the board of review, on appeal, should fix salaries in the event it should find the council's action arbitrary and that the board is precluded from sending the matter back to the council for a redetermination. Such a construction of rule XIII is unwarranted. As above stated, the power of the board in deciding adversely to the action of the council is limited to determining whether or not the council's action was arbitrary and if held to be arbitrary to order a redetermination by the council. The power given the council to fix salaries must be considered in conjunction with the other rules contained in the resolution. "In the construction of a statute or instrument . . . where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Code Civ. Proc., § 1858.) The council's power to reduce salaries is

not an absolute power but one which in the event it is used to reduce salaries except in conjunction with a general economic or curtailment plan, is subject to the right of the affected employees to appeal to the board of review. Rule XIII and rule XX are not conflicting or irreconcilable. Hence *Alameda County* v. *Dalton* (1905), 148 Cal. 246 [82 P. 1050], which holds, in effect, that where two provisions of the same legislative act are irreconcilably conflicting the provision in latest point of position controls, is not applicable here.

The city contends that the italicized words in rule XIII, "A reduction in pay shall be deemed a demotion *within the meaning of this section* . . ." (emphasis added) restrict the right of appeal to reductions for disciplinary purposes. Such a construction is a strained and unfounded one. The section is dealing with the right of appeal and the powers of the board of review and is in nowise restrictive of the right of appeal in demotions by salary reductions.

2. *No Void Delegation.*

As hereinbefore shown, there is no delegation to the board of review of the council's duty and power to fix salaries; hence there is no void delegation of such duty. Rule XIII provides that upon appeal being made to it, the board of review may make such investigation as it deems necessary, and thereafter shall hold a public hearing, hearing "evidence for and against the party aggrieved," that is, the party who has been demoted by a decrease in salary. There is nothing in the rule indicating that if the board determines the demotion to be improper the board then is entitled to fix the salary of the party demoted. Rather the language plainly indicates that the council is to act on such conclusions. In such a situation there is no delegation of legislative authority for the council would still be the body to take the necessary action.

3. *The Findings of Fact.*

"Where a finding is lacking in evidentiary support, but it is on a matter which is immaterial, or of so little materiality that a finding either way on the matter would not influence the judgment, or for some other reason the finding was unnecessary, other findings being sufficient to support the judgment, the error is harmless. [Citations.]" (3 Witkin, California Procedure, p. 2277.)     The sole issue in this case is whether or not plaintiffs have a right of appeal to the board of review from the council's reduction of their

salaries. The court properly found that they have such right. While both parties on this appeal agree that that is the sole issue, and not the propriety of the reductions imposed, the court made certain findings bearing on the latter matter which findings apparently are unsupported by the evidence. As these findings are immaterial and unnecessary to the issue on which this action is based, they should be disregarded.

Plaintiffs are entitled to a review by the board of the action of the council in reducing their salaries. The question to be determined by the board of review is whether the reductions were arbitrary and unreasonable.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.