[No. 11625.   Department Two. — June 13, 1889.]

## THE BANK OF BRITISH NORTH AMERICA, APPELLANT, v. ISRAEL CAHN, RESPONDENT.

BANKING CORPORATION — PUBLICATION AND RECORD OF SWORN STATEMENT — DEFENSE TO ACTION BY BANK. — It is a sufficient defense to an action by a banking corporation that it has not complied with the requirement of the act of April 1, 1876, in regard to the publication and record in the recorder's office of a sworn statement as to its capital, assets, and liabilities. Those requirements were not repealed by the subsequent act creating a board of bank commissioners, not being inconsistent with the provisions of that act, and no substitute being contained therein for the local publication and record required by the act of 1876.

STATUTES — REPEAL BY IMPLICATION. — A second act will operate as a repeal of a former act only to the extent of repugnancy between them, and not merely because it may repeat some provisions of the first act and omit others or add new provisions, unless it plainly appears that it was intended as a substitute for the first act. When an act expresses a repeal of former acts only so far as they are inconsistent with its provisions, such provision expresses and limits the extent of the repeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Sidney V. Smith,* for Appellant.

A statute is impliedly repealed, not only by mere repugnancy and contradiction in a later statute, but also by a subsequent statute revising the whole subject-matter. (Sedgwick on Statutory Law, 126; *United States* v. *Barr*, 4 Saw. 256; *United States* v. *Tynen*, 11 Wall. 95;

*Lefevre* v. *Lefevre,* 59 N. Y. 446; *Bartlett* v. *King,* 12 Mass. 536; 7 Am. Dec. 99; *Murdock* v. *Memphis,* 20 Wall. 590; *Rogers* v. *Watrous,* 8 Tex. 62; 58 Am. Dec. 100.)

*Jarboe, Harrison & Goodfellow,* for Respondent.

The two statutes can stand together, and there is no repeal by implication or substitution. (Pomeroy's Sedgwick's Construction of Statutes, 98; *Matter of Yick Wo,* 68 Cal. 294; *Chew Heong* v. *United States,* 112 U. S. 536; *Chicago Railway* v. *United States,* 127 U. S. 406; *Wood* v. *United States,* 16 Pet. 342, 363.)

Foote, C.—The plaintiff, a banking corporation, loaned a large sum of money to another corporation, in which the defendant was a stockholder. A portion of that sum remaining unpaid, the plaintiff brought this action to recover from the defendant, as a stockholder in the corporation which had borrowed the money, his proportionate share of the indebtedness.

An answer was filed, alleging, by way of defense, that the plaintiff had not complied with the provisions of an act of the legislature of the state of California, approved April 1, 1876, entitled "An act concerning corporations and persons engaged in the business of banking." The delinquency of the plaintiff being stated to consist in its failure "to publish in a newspaper, or any newspaper, or to file in the recorder's office of the city and county of San Francisco, or in the office of any recorder, a sworn statement or any statement of the amount of capital actually paid into said corporation or into such banking business." And that at all those times the plaintiff had further failed to so publish or file for record "a sworn statement, or any statement, of the actual condition and value of its assets and liabilities, or where said assets are situated."

The plaintiff demurred to the answer as not showing facts sufficient to constitute a defense. The demurrer

was overruled, and a trial had by the court without a jury. The findings of fact are to the effect that all the allegations of the complaint and answer are true. The conclusion of law is, that defendant is entitled to judgment in his favor. From the judgment made and entered in the premises, this appeal is taken.

The appellant contends for a reversal of the judgment, on the ground that the act of April 1, 1876, with which the plaintiff did not confessedly comply, and by section 3 of which it was debarred from the right to maintain its action, is repealed by the act creating a board of bank commissioners. (Stats. 1877–78, p. 740.)

The point made on this contention being that "when a later statute covers the whole ground of a former one, the latter repeals the former."

In *Chicago Railway Co.* v. *United States,* 127 U. S. 409, Mr. Justice Field says: "When there are two acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable. If the two are repugnant, the latter will operate as a repeal of the former to the extent of the repugnancy. But the second act will not operate as such repeal merely because it may repeat some of the provisions of the first one and omit others, or add new provisions. In such cases the later act will operate as a repeal only where it plainly appears that it was intended as a substitute for the first act. As Mr. Justice Story says, it 'may be merely affirmative, or cumulative, or auxiliary.' (*Wood* v. *United States,* 16 Pet. 342–363.)"

The legislature, in passing the later act, evidently had the question of repeal under consideration, and gave expression to the *extent* of its intention in that regard in section 21 of the act, which shows the repeal of the former acts only to be "in so far as they are inconsistent" with the provisions of the later act.

The provision for publication in each particular county, provided for in the act of 1876, is not inconsistent with

any of the provisions of the "Act creating a board of bank commissioners," etc., of March 30, 1878.

There is nothing in section 9 of the act last passed which is inconsistent with the provisions of section 1 of the act of 1876, in reference to filing in the recorder's office of the county where the principal office of the corporation may be situated a sworn statement of the amount of capital actually paid into such corporation, and the publication of the same in January and July in at least one newspaper published in the county, etc.

Nor are the provisions of section 2 of the same act, requiring publication in a newspaper and filing in the recorder's office a "sworn statement of the actual condition and value of the assets and liabilities," and where situated, of the "corporation," or "persons doing a banking business in this state," repealed by section 9 of the act of 1878, which requires a report twice in each year, in January and July, to be made to the "bank commissioners."

Nor is section 3 of the act of 1876, which denies (to such corporations or persons as shall fail to comply with the provisions of the act) the right to "maintain the action or proceeding in any court of this state" until they shall have filed the statements provided for and otherwise complied with the act, inconsistent with any of the provisions of the later act.

The last act is evidently not a substitute for the first act, the main purpose of which was to afford information to all concerned in the immediate locality especially of the condition and standing of banking corporations and persons engaged in such business.

The later act provides a supervision of all "banks, savings banks, savings and loan societies, or other society, association, company, or institution," etc., by the state, through a board of bank commissioners. It requires, among other things, thorough investigations into the affairs of banks, banking corporations, etc., by offi-

cers appointed for that purpose. If the commissioners, upon examination, ascertain that a bank is violating any of the provisions of section 11 of the later act, they shall communicate with the attorney-general, and have the remedies applied which the section, *supra*, authorizes. The report and statements to be made by such corporations or associations are to be made to the bank commissioners, for their information, that they may the better be enabled to perform the functions and duties appertaining to their office, and the more effectually protect the interests of those dealing with such institutions. The first act, as we have before seen, was not so broad in its nature. It was for the benefit mainly of those locally interested, by bringing the necessary information to their immediate attention and knowledge by local publication and recording.

The provision in the former statute relating to filing statements in the recorder's office and publishing the same in a newspaper published in the county where the principal office of the corporation is situated, etc., is not to be found in the later statute, nor is any mention made of it.

By section 1 of the later act the office of the commissioners with whom the statements are to be filed is in San Francisco, and by section 15 of the same act, such statements are to be kept on file there for public inspection. This certainly is no substitute for the recording of such statements in the recorder's office of the proper county, as contained in the act first passed. The first act provides for local publication also, the second act does not, and provides no substitute for such publication.

Our conclusion is, that there is no repeal of the first act by the second in the respects contended for, and we advise that the judgment be affirmed.

VANCLIEF, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.