## BANK OF BRITISH NORTH AMERICA *v.* BARLING *et al.*

*(Circuit Court, N. D. California.　December 22, 1890.)*

**FEDERAL COURTS—JURISDICTION—STATE LAWS.**
　　A foreign banking corporation can sue in the circuit court of the United States sitting in California, notwithstanding its failure to comply with St. Cal. 1876, p. 729, requiring every corporation to record each year a sworn statement of its capital, assets, etc., and prohibiting any corporation that fails to comply with the law from suing in the state courts.

At Law.　On demurrer to plea in abatement.
*Smith & Pomeroy,* for plaintiff.
*Daniel Titus,* for defendant Eva.

HAWLEY, J.　Plaintiff is a foreign banking corporation, and brings this action against the defendants as stockholders in the Alaska Improvement Company, a corporation, to recover their statutory liability for certain debts of said corporation.　The suit is founded upon bills of exchange brought by the plaintiff in British Columbia.　The defendant James Eva, who is the only defendant served, filed a plea of abatement, and to this plea the plaintiff files a demurrer, on the ground that said plea does not state facts sufficient "to constitute a defense to said action."　The plea and demurrer thereto present the legal question whether it is necessary for a foreign banking corporation, doing business in this state, to make, file, and publish the statements required by the provisions of the "Act concerning corporations and persons engaged in the business of banking," (St. Cal. 1876, p. 729,) as a prerequisite to its right to maintain an action in the circuit court of the United States.　The statute requires every corporation, at certain times every year, to publish and file for record a sworn statement of the amount of capital actually paid into such corporation, and of the actual condition and value of its assets and liabilities, and where said assets are situated.　It is provided in said act that "no corporation and no person or persons who fail to comply with * * * any of the provisions of this law shall maintain or prosecute any action or proceeding in any of the courts of this state until they shall have first duly filed the statements herein provided for, and in all other respects complied with the provisions of this law."　This act is general in its terms, and applies to all corporations, whether foreign or domestic.　*Bank* v. *Cahn,* 79 Cal. 464, 21 Pac. Rep. 863.　It will be noticed that it does not prohibit the conducting or carrying on of the banking business unless the statements are made, filed, and published as therein prescribed.　The penalty imposed, for a non-compliance with its provisions, refers only to the right of maintaining or prosecuting any suit in the courts of the state.　In this respect it is clearly distinguishable from the cases of *Ex parte Schollenberger,* 96 U. S. 369; *Manufacturing Co.* v. *Ferguson,* 113 U. S. 733, 5 Sup. Ct. Rep. 739,—which are relied upon to support the plea of abatement.　If a state legislature passes an act imposing terms, as a condition precedent, upon which a foreign cor-

poration shall have the privilege of transacting business within the state, such terms, if held legal and binding by the state courts, would be upheld and enforced by the national courts, and this is the extent of the principles announced in the cases referred to. But state legislation cannot restrict, impair, or limit the jurisdiction of the national courts, and the act in question does not attempt to do so. The penalty imposed by the act was not, in my opinion, intended to apply, and does not apply, to a case like the present, where the business of the bank in purchasing the bill of exchange, which constitutes the foundation for the institution of the suit against the defendants, was transacted outside of the state of California. But, independent of these special facts, it is proper to state that the authorities go still further, and support the proposition that state legislation of this character should be construed as having application only to the maintaining of suits in the state courts. In *Union Trust Co. v. Rochester, etc., R. Co.*, ACHESON, J., in deciding a similar question, said:

"The New York statutory provisions, forbidding suit to be brought upon a judgment rendered in a court of record of that state, without a previous order of the court in which the original action was brought, granting leave to bring the new suit, must be held as intended only to regulate the course of procedure in the New York state courts. Such was the conclusion of Judges DILLON and LOVE in respect to a similar statute of the state of Iowa. *Phelps v. O'Brien*, 2 Dill. 518. It is an established principle that state legislation cannot in any wise impair or limit the jurisdiction of the courts of the United States." 29 Fed. Rep. 610.

The demurrer to the plea of abatement is sustained.