[Crim. No. 1869. Fourth Dist. May 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GILBERT J. KUHN, Defendant and Appellant.

Thomas Whelan and Monroe W. Kirkman for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney, and Norbert Ehrenfreund, Deputy District Attorney, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant, appellant herein, by an indictment in three counts, respectively, was charged with a wilful failure to file a state income tax return for each of the years 1960, 1959, and 1958, with intent to evade the tax imposed, i.e., violations of section 19406 of the Revenue and Taxation Code; was found guilty on Count 1 as charged, and of a lesser included offense on Counts 2 and 3, i.e., a violation of section 19401 of the Revenue and Taxation Code; moved

for a new trial, which was denied; was sentenced to pay a fine of $5,000 on Count 1; was granted probation as to Counts 2 and 3, the imposition of sentence being suspended; and appeals from the judgment.

 The defendant contends that section 19406 of the Revenue and Taxation Code, the violation of which is a felony, and section 19401 of that code, the violation of which is a misdemeanor, define the same offense; thus confer on prosecuting officials the right to choose whether an accused will be charged with a felony or a misdemeanor for the same offense; for this reason constitute an infringement of the constitutional guarantee of equal protection of the law, an unconstitutional delegation of legislative authority, and a denial of due process of law; and, therefore, are void. This contention presents the sole issue on appeal. Basic thereto is the claim that the subject sections define the same offense.

Section 19406 provides that: "Any person who . . . wilfully fails to file any return . . . with intent to evade any tax imposed . . . is punishable by imprisonment in the county jail not to exceed one year, or in the state prison not to exceed five years, or by fine of not more than five thousand dollars ($5000), or by both such fine and imprisonment, at the discretion of the court."

Section 19401 provides that: "Any person who, with or without intent to evade any requirement of this part [viz. the personal income tax law] ... fails to file any return ... required ... is liable to a penalty ... [and] ... is also guilty of a misdemeanor and shall upon conviction be fined not to exceed one thousand dollars ($1000) or be imprisoned not to exceed one year, or both, at the discretion of the court."

In support of his premise that the subject code sections define identical offenses, the defendant argues that the statutorily prescribed elements for each thereof are identical, i.e., (1) the failure to file a return, and (2) an intent to evade the payment of taxes. The prosecution contends that the intent to evade the payment of taxes is an element of the felony offense but not of the misdemeanor. The intent factor clearly is included in the felony statute, i.e., section 19406, by the language therein which refers to a person who "wilfully fails to file" a return "with intent to evade any tax imposed." The defendant claims that this factor also is included in the misdemeanor statute, i.e., section 19401, by the language therein which refers to a person who fails to file a return "with or without any intent to evade any requirement" of

the law; stresses that part thereof which, out of context, refers to a person who fails to file a return "with . . . intent to evade"; and concludes that the language thus used demonstrates the inclusion of the intent factor in both code sections.

If the intent factor is an element of the offense described by section 19401, proof thereof would be essential to a conviction. However, applying the interpretive process indulged in by the defendant, which disregards a part of the language used, it appears that the section in question refers to a person who fails to file a return ". . . without any intent to evade." This interpretation renders unnecessary any proof of intent as a prerequisite to conviction. ■ The use of such an interpretive process develops a conflict within the statute; confuses rather than clarifies; and must be rejected under the fundamental rule that an interpretation which leads to an absurdity should be rejected. (*Stockton School Dist.* v. *Wright,* 134 Cal. 64, 68 [66 P. 34]; *Meyer* v. *Board of Trustees,* 195 Cal.App.2d 420, 430 [15 Cal.Rptr. 717].)

■ Where the provisions of a statute are subject to two or more reasonable interpretations, that which will harmonize rather than conflict with other provisions thereof should be adopted. (*Spreckels* v. *Graham,* 194 Cal. 516, 527 [228 P. 1040].) ■ Obviously, in determining the intention of the Legislature in the premises, the phrase "with or without intent to evade" should be considered as a whole; as an integral part of the whole code section (*In re Marquez,* 3 Cal.2d 625, 628 [45 P.2d 342]); and in relation to other statutes on the same subject, so as to harmonize the whole law. (*Stafford* v. *Los Angeles etc. Retirement Board,* 42 Cal.2d 795, 799 [270 P.2d 12]; *Stafford* v. *Realty Bond Service Corp.,* 39 Cal.2d 797, 805 [249 P.2d 241].) ■ When so considered, the subject phrase means "regardless of intent to evade"; indicates that intent is an immaterial factor in the offense described (*Turner* v. *State,* 157 Tex. Crim. Rep. 77 [246 S.W.2d 642, 643]; *Maynard* v. *State,* 154 Tex. Crim Rep. 594 [228 S.W.2d 185, 187]; cf. *People* ex rel. *Lichtenstein* v. *Langan,* 196 N.Y. 260 [89 N.E. 921-922, 17 Ann.Cas. 1081, 25 L.R.A. N.S. 479] and *People* v. *Gittens,* 78 Misc. 7 [137 N.Y.S. 670, 672, 674]); and classifies the statute in question as one criminally enforcing an obligation imposed by law without regard to criminal knowledge or intent. (Generally see *In re Marley,* 29 Cal.2d 525, 528-529 [175 P.2d 832]; *People* v. *Gory,* 28 Cal.2d 450, 453 [170 P.2d 433]; *People* v. *McClennegen,* 195 Cal. 445, 468-470 [234 P. 91].)

It is significant that the offense defined by section 19406, i.e., the felony statute, concerns a person who "wilfully fails" to file a return, while that defined by section 19401, i.e., the misdemeanor statute, omits the term "wilfully" and applies to a person who merely "fails" to file a return. ▊ It has been held that where a statute which declares the commission or omission of an act to be an offense omits "qualifying words such as knowingly, intentionally, or fraudulently," guilty knowledge and intent are not elements of the offense so defined. (*In re Marley, supra,* 29 Cal.2d 525, 529; *Brodsky* v. *California State Board of Pharmacy,* 173 Cal.App.2d 680, 688 [344 P.2d 68].) By analogy the same conclusion follows from omission of the qualifying word "wilfully" which, as used in a criminal statute, "implies a purpose or willingness to do the act" and also implies that the person involved "knows what he is doing intends to do what he is doing and is a free agent." (*In re Trombley,* 31 Cal.2d 801, 807 [193 P.2d 734].)

▊ " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.' " (*People* v. *Town of Corte Madera,* 97 Cal.App.2d 726, 729 [218 P.2d 810]; *City of Port Hueneme* v. *City of Oxnard,* 52 Cal.2d 385, 395 [341 P.2d 318]; *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1].)

▊ When the Legislature included the qualifying word "wilfully" in the felony statute, which clearly applies only to a person who intended to evade payment of the tax imposed, but omitted this qualifying word from the misdemeanor statute, it thereby indicated that the latter statute should apply to a person who fails to file an income tax return regardless of his intention in the premises. This circumstance justifies our conclusion that the phrase "with or without intent to evade" as used in section 19401, is a positive declaration that an intent to evade is not an element of the offense therein defined. ▊ Although the defendant's position finds support in a literal application of the aforesaid phrase, the purpose of the statute will not be sacrificed to a "literal construction" of the language used therein. (*Select Base Materials* v. *Board of Equalization, Inc.,* 51 Cal.2d 640, 645 [335 P.2d 672].)

▊ As a consequence, the contention that the subject stat-

utes define the same offense must be rejected. ■ The fact that particular conduct may constitute an offense against two statutes does not dictate the conclusion that these statutes define identical offenses. (*Blockburger* v. *United States,* 284 U.S. 299, 304 [52 S.Ct. 180, 182, 76 L.Ed. 306] ; *United States* v. *Noveck,* 273 U.S. 202 [47 S.Ct. 341, 71 L.Ed. 610] ; *Gavieres* v. *United States,* 220 U.S. 338 [31 S.Ct. 421, 422, 55 L.Ed. 489] ; *Levin* v. *United States,* 5 F.2d 598, 599.)

"If one offense requires proof of an element different from the other, they may not be deemed to constitute the same offense. . . ." (*People* v. *Benenato,* 77 Cal.App.2d 350, 367 [175 P.2d 296].)

Stated otherwise, it is the "presence of a fact necessary to one offense and absent in another that determines whether offenses are separate." (*People* v. *Day,* 199 Cal. 78, 83 [248 P. 250].) ■ The decision in *United States* v. *Beacon Brass Co.,* 344 U.S. 43, 45 [73 S.Ct. 77, 78, 97 L.Ed. 61], is particularly pertinent because the court there considered the similarity between the offense of attempting to evade taxes by filing a false statement with the Treasury Department and that of merely filing such a statement, and held that the two offenses were not identical as the intent to evade taxes was an element of the one and not of the other.

■ Substantially similar criminal acts may be distinguished by the intent which prompts them. (*People* v. *Thomas,* 58 Cal.2d 121, 125 [23 Cal.Rptr. 161, 373 P.2d 97].) ■ In the instant case, the element of intent is a prerequisite to conviction of the offense defined by section 19406, but not to that described by section 19401. Thus, under the tests aforesaid, the subject statutes define two different offenses.

■ Moreover, as section 19401 was enacted in 1943, while section 19406 was added in 1953, even though it be assumed that the offense described in the latter is included in that described in the former, the conflict created by their penalty provisions is academic because the later statute repealed by implication any conflicting provisions of the earlier statute.

"It is an old and well-settled rule that when two laws upon the same subject, passed at different times, are inconsistent with each other, the one last passed must prevail." (*People* v. *Dobbins,* 73 Cal. 257, 259 [14 P. 860] ; accord: *People* v. *Thomas, supra,* 58 Cal.2d 122, 127; *County of Ventura* v.

*Barry,* 202 Cal. 550, 556 [262 P. 1081]; *People* v. *Orona,* 72 Cal.App.2d 478, 484 [164 P.2d 769].)

Where the provisions of one statute irreconcilably conflict with those of another, the later enactment, by implication, repeals any conflicting provisions contained in the earlier. (*Bank of British N. A.* v. *Cahn,* 79 Cal. 463, 465 [21 P. 863]; *People* v. *Haydon,* 106 Cal.App.2d 105, 107 [234 P.2d 720]; *United Milk Producers* v. *Cecil,* 47 Cal.App.2d 758, 766 [118 P.2d 830].) ▮ In *Achilli* v. *United States,* 353 U.S. 373 [77 S.Ct. 995, 998, 1 L.Ed.2d 918], the court held, in substance, that a statute making it a misdemeanor to file a false income tax return with intent ''to evade the valuation, enumeration, or assessment intended to be made . . .'' had been repealed *pro tanto* by later statutes, the last of which made it a felony to file a false return with intent to evade the income tax; expressed its opinion that the scope of the misdemeanor statute ''had been shrunk by a series of specific enactments that had the potency of implied repeals''; and affirmed a conviction under the felony statute.

The defendant contends that the rule of implied revocation does not apply to the instant situation because both sections 19401 and 19406 were included within chapter 16, part 10, division 2, of the Revenue and Taxation Code when that chapter was renumbered as chapter 23 in 1955 (Stats. 1955, ch. 939, p. 1819), which constituted a reenactment of both sections at the same time, i.e., in 1955. It would seem to be obvious that no presumed intent to reinstate those portions of section 19401 previously repealed impliedly by the enactment of section 19406 may be ascribed to the Legislature through its action in merely renumbering a chapter of the code of which both sections were a part. ▮ However, no decision need be made with respect to this contention because section 19406 would control over those parts of section 19401 in conflict therewith under the general rule that ''where inconsistent provisions are found in an act that provision which is latest in position in the act is deemed to express the last, final legislative intent, and prevails over prior repugnant provisions, though all are found in the same act and are intended to take effect at the same time.'' (*Alameda County* v. *Dalton,* 148 Cal. 246, 251 [82 P. 1050]; in accord: *Spreckels* v. *Graham,* 194 Cal. 516, 526 [228 P. 1040]; *Matter of Roberts,* 157 Cal. 472, 477 [108 P. 315].)

▮ The defendant also contends that if the doctrine of

implied revocation applies to the case at bar, his conviction of a violation of section 19401 under Counts 2 and 3 of the indictment is without support in the law because that section had been repealed by section 19406. This contention is based on the assumption that the latter section impliedly repealed the former section *in toto*; disregards the fact that the two sections are irreconcilably conflicting, under the defendant's interpretation of section 19401, only to the extent that this section declares a failure to file a return with intent to evade the tax imposed is a misdemeanor; and neglects to consider the rule that a later statute impliedly repeals an earlier statute only to the extent that their provisions are in irreconcilable conflict. (*People* v. *Fitzgerald,* 14 Cal.App.2d 180, 197 [58 P.2d 718].) That part of section 19401 declaring a failure to file a return without intent to evade the tax imposed is not in conflict with section 19406; was not repealed by implication; and is the offense of which the defendant was convicted under Counts 2 and 3.

As sections 19401 and 19406 define separate offenses, the essential premise upon which the defendant bases his claim of unconstitutionality is unsound and renders any further consideration of that claim unnecessary.

The judgment is affirmed.

Griffin, P. J., and Brown (G.), J., concurred.