[Civ. No. 28088. First Dist., Div. One. Oct. 9, 1970.]

CALIFORNIA STATE DISASTER COUNCIL, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and EDDIE L. THOMPSON, SR., Respondents.

COUNSEL

T. Groezinger, Loton Wells and P. M. Miyamoto for Petitioner.

Rupert A. Pedrin and Marcel L. Gunther for Respondents.

OPINION

**ELKINGTON, J.**—Respondent Eddie L. Thompson, Sr., suffered an industrial injury while employed as a state disaster service worker. Respondent Workmen's Compensation Appeals Board (Appeals Board) rated him as having suffered permanent disability of 58 percent. The Appeals Board made a total award of $16,240 and ordered that it be paid at the rate of $70 per week for 232 weeks.

On petition of California State Disaster Council (Council), Thompson's employer, we granted a writ of review. The Council's contention is that the award should have been $12,180 payable in installments at $70 per week, based upon a maximum allowable average weekly income of $52.50, multiplied by 232 weeks as required by Labor Code section 4658 on a rated 58 percent permanent disability. (Hereafter all statutory citations will be to the Labor Code.)

In fixing the amount of Thompson's award the Appeals Board relied upon section 4365, which provided that the "amount of the weekly payment for permanent disability [for a disaster service worker] shall be the same as the weekly benefit which would be paid for temporary total disability pursuant to the provisions of Section 4363."[1] The parties agree that Thompson's average weekly earnings were such that his weekly benefit for "temporary total disability" would have been $70 per week.

The Council urges that the board erroneously placed its reliance on section 4365 in fixing the total amount of Thompson's award. It argues that the reference to the $70 per week which would be paid for temporary total disability merely fixes the amount of the weekly installment due Thompson on his legally proper permanent disability award until such award, $12,180, is paid in full. Pointed to as fixing the total amount of Thompson's 58 percent permanent disability award at $12,180 is section 4363 and the related sections therein mentioned.

Section 4363 provides that for a compensable injury suffered by a disaster service worker his "average weekly earnings for the purposes of determining *temporary and permanent* disability indemnity shall be taken at the maximum fixed for each, respectively, in Section 4453. . . ."[2] (Italics added.)

[1]The full text of Labor Code section 4365, as enacted in 1946, and as applicable here, provides: "If the injury sustained by a disaster service worker causes permanent disability, the percentage of disability to total disability shall be determined as for the occupation of a laborer of like age by applying the schedule for the determination of the percentages of permanent disabilities prepared and adopted by the commission. The amount of the weekly payment for permanent disability shall be the same as the weekly benefit which would be paid for temporary total disability pursuant to the provisions of Section 4363."
In 1965 the section was amended by substituting the words "administrative director" for "commission" at the end of its first sentence.

[2]The full text of Labor Code section 4363 follows: "If a disaster service worker suffers injury or death while in the performance of his duty as a disaster service worker, then, irrespective of his remuneration from this or other employment or from both, his average weekly earnings for the purposes of determining temporary and permanent disability indemnity shall be taken at the maximum fixed for each, respectively, in Section 4453. Four times his average annual earnings in disability cases and in death cases shall be taken at the maximum limits provided in Sections 4452 and 4702 respectively."

The parties are in agreement that as applied to this case section 4363, and its related sections, (1) fix the maximum allowable *"permanent disability indemnity"* at $52.50 per week for the number of weeks (here 232) covered by the award (see § 4658), and, (2) fix the maximum allowable *"temporary total disability"* award at $70 per week for each week covered by such an award.[3] Their disagreement arises over the effect of the hereinbefore pointed out direction of section 4365 that "The amount of the weekly payment for permanent disability shall be the same as the weekly benefit which would be paid for temporary total disability. . . ."

The respondent Appeals Board insists that sections 4363 and 4365 are inconsistent and ambiguous. It argues that the rule of *Granado* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294], resolving such ambiguities in favor of the injured workman must be followed,[4] and that the total of Thompson's 58 percent permanent disability award under section 4365 must be fixed at $16,240.

 We see no ambiguity. Our analysis reveals that section 4363 with its related sections (see fn. 2 *ante*) set the total dollar amount of a permanent disability indemnity award due to a disabled disaster service worker. Here that award would be computed by multiplying $52.50 by 232, the number of weeks covered by a 58 percent permanent disability rating (see § 4658)—resulting in a product of $12,180. On the other hand section 4365 fixed the amount of the weekly installment payments to be made on account of the permanent disability award as established by section 4363. This weekly installment was fixed at $70.

The reasons for our conclusions follow.

The Workmen's Compensation Act generally embraces a statutory scheme which fixes temporary and permanent disability awards by reference to a sum based on the worker's average weekly earnings. In the case of temporary disability this sum could not be more than the maximum of $70. As to permanent disability it could not exceed the maximum of $52.50. For each one percent of rated permanent disability the worker is paid the stated sum for four weeks. Thus, a 100 percent permanent disability award would allow the disabled worker payment of the stated sum for each of 400 weeks; or, as

---

[3]The stated figures of $52.50 and $70 have apparently, since the instant liability of the Council arose, been revised upward. However, throughout our discussion we shall use the applicable amounts of $52.50 and $70.

[4]*Granado* v. *Workmen's Comp. App. Bd.*, *supra*, 69 Cal.2d 399, 404, states: "The legislative command is that workmen's compensation laws shall be liberally construed 'with the purpose of extending their benefits for the protection of persons injured in the course of their employment.' (Lab. Code, § 3202.) Where provisions of such laws are susceptible of an interpretation either beneficial or detrimental to injured employees or an ambiguity appears, they must be construed favorably to the employees."

here, a 58 percent permanent disability rating authorizes payment of the fixed sum for 232 weeks (see § 4658).

It seems unreasonable to assume that the Legislature intended by section 4365 to allow only to disaster service workers, permanent disability awards based on a maximum fixed sum of $70, while the awards of all other similarly disabled California workers, regardless of the hazards of their employment (e.g., bridgeworkers, caisson workers, policemen, firemen, highway patrol officers, etc.) being ordinarily based on the maximum sum of $52.50, were fixed at 25 percent less. And it may reasonably be assumed that such a drastic exception, if intended by the Legislature, would be expressed in language clearly showing such an intent. ■ Statutes are to be interpreted if possible to give a reasonable result. (*Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620, 630 [197 P.2d 543]; *Adoption of Thevenin,* 189 Cal.App.2d 245, 249 [11 Cal.Rptr. 219].)

It is noted that Labor Code section 4365, relied upon by the Appeals Board, was enacted in 1946. Section 4363 which fixed the disaster service worker maximum average weekly earnings base for permanent disability awards at $52.50 was amended to its present context in 1951. Then section 4365 was amended (in respects here immaterial) in 1965, in which the context of the original 1946 enactment was restated. If we accept the reasoning and statutory construction argued for by the Appeals Board we place ourselves in an unacceptable logical plight. We must then assume that the Legislature by enacting section 4365 in 1946 intended that disaster service workers alone have their permanent disability awards fixed with relation to the temporary disability maximum average weekly earnings base (here $70). Then we must believe by its amendment of section 4363 in 1951 to its present context, without repeal or modification of the earlier inconsistent section 4365, the Legislature intended to reduce such permanent disability awards to the amount fixed by the permanent disability average weekly earnings base (here, $52.50).[5] Continuing, by the 1965 amendment (here inapplicable in time) to section 4365, which continued the section in effect in substantially its original language (again without repeal or modification of the existing inconsistent statute, section 4363), it would follow that the legislative intent was to restore the earlier temporary disability maximum average weekly earning base (here $70) in computing permanent disability awards to disaster service workers. We find ourselves unable to ascribe such a bewilderment of purpose to the Legislature.

---

[5] " 'It is an old and well-settled rule that when two laws upon the same subject, passed at different times, are inconsistent with each other, the last one passed must prevail.' " (*People* v. *Kuhn,* 216 Cal.App.2d 695, 700 [31 Cal.Rptr. 253].)

■ Further we note that section 4365, relied upon by the Appeals Board, recites "The amount of the *weekly payment* for permanent disability shall be the same as the *weekly benefit*" for temporary total disability. We may reasonably conclude from the legislative choice of different words (italicized by us), that a difference in meaning was intended. "Weekly payment" as distinguished from "weekly benefit," in the context of the case at bench, may reasonably be construed as a weekly installment payment of $70 on Thompson's permanent disability award (based through section 4363 upon maximum average weekly earnings of $52.50) of $12,180. We so construe it, thus harmonizing and giving effect to both of the subject Labor Code sections. ■ "A court must, where reasonably possible, harmonize statutes and construe them so as to give force and effect to all their provisions." (*Burks* v. *Poppy Constr. Co.,* 57 Cal.2d 463, 470 [20 Cal.Rptr. 609, 370 P.2d 313].)

Payment of compensation benefits unrelated to temporary disability, in installments of the same amounts as fixed for temporary disability indemnity, is not peculiar to section 4365 or to disaster service workers. Section 4702 provides that industrial death benefits "shall be paid in installments in the same manner and amounts as temporary disability indemnity."

■ We hold that Labor Code section 4363 and its related sections determine the total amount of a permanent disability award payable to a disabled disaster service worker, and that the size of installment payments to be made on such an award is as provided by and through Labor Code section 4365.

The award of the Workmen's Compensation Appeals Board is annulled; the Board will take further proceedings not inconsistent with this opinion.

Molinari, P. J., and Sims, J., concurred.